■ CARLA ERDHEIM, Respondent, v MICHAEL P. ERDHEIM, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Balletta, J.), entered January 24, 1985, as, *inter alia*, (1) granted him certain

visitation rights with his two infant children, (2) awarded the plaintiff wife $50 per week for her support and maintenance, (3) directed him to pay the sum of $10,000 for his wife's legal fees, together with disbursements in the sum of $1,908.06, (4) awarded as the sole property of the wife a Cadillac automobile, the furnishings of the marital residence, and certain jewelry, furs and china, (5) awarded to the wife sole ownership of the marital residence, and (6) directed that the wife have judgment against the husband in the sum of $18,808.91 as part of her distributive share of the marital assets.

Judgment affirmed, insofar as appealed from, with costs.

The plaintiff wife and the defendant husband were married on June 27, 1970. They have two children, Jillian, born February 3, 1976, and Joshua, born September 22, 1980. At the time of the trial, the wife was 35 years old and the husband 38 years old.

On August 26, 1982, the husband left the marital residence and thereafter the wife commenced the present action for a separation and incidental relief. At the time of trial the complaint was amended to request a judgment of divorce which was not contested by the husband. Also, no challenge was made by the husband to the wife's request for custody of the children.

Pursuant to the wife's application, Special Term granted pendente lite relief in an order dated March 14, 1983, which, *inter alia,* directed the husband to pay $300 per week maintenance to the wife, $300 per week child support, and all carrying charges on the marital residence; to keep in full force and effect life, health, medical and dental insurance previously maintained for the benefit of the wife and children; and to provide the wife with exclusive use of a certain 1980 Cadillac automobile. The support payments were to commence on March 18, 1983. The husband filed a notice of appeal and by order dated May 7, 1984, this court affirmed the order making the pendente lite award, noting that the husband's remedy was "a trial at which a more detailed examination of the situation of the parties may be made" *(Erdheim v Erdheim,* 101 AD2d 803). The wife brought several enforcement proceedings resulting in the entry of judgments which remained unpaid in the total sum of $23,059.73. Other than the unpaid judgments, at the time of trial, the wife also requested a money judgment for further arrears in the sum of $49,871.43, and the sum of $48,840.34 for necessaries.

The evidence adduced at trial reveals that the wife worked

for the first six years of the marriage as a primary school teacher until the birth of the first child. Thereafter, she devoted her time to being a housewife and mother. At the time of the separation, the husband was a successful salesman, employed by his father-in-law, and earning approximately $150,000 per year. Soon after he left the marital residence, the husband obtained new employment boasting that he would continue to earn at least the same amount of money.

The parties stipulated at the trial that the value of the marital residence was $255,000, subject to a mortgage in the sum of $98,061.76, leaving an agreed equity in the house of $156,938.24. A large portion of the remaining liquid assets was used by the wife after the separation.

The husband testified that after leaving the marital home he had an income of only $500 per week and that the wife should have restricted her expenditures in view of his drastically reduced earnings. He claimed that he was still receiving this limited income while working to build up a business in which his parents invested $50,000. He stated that his parents also loaned him other moneys which he needed during the time when he failed to provide support for his family. Nevertheless, he admitted that after leaving the house he took vacations, bought certain furnishings for an apartment which he shared with his girlfriend, and purchased certain gifts for his girlfriend.

At the conclusion of the trial, the court concluded that the husband was obligated to pay the wife $111,900.11, representing the following: (1) judgments as the result of enforcement proceedings in the sum of $23,059.73, (2) support and maintenance arrears totaling $45,000, (3) necessaries in the sum of $41,340.38, (4) the husband's share of a tax lien against the marital residence in the sum of $2,500. The court directed that the husband's share in the marital residence, valued at $93,091.20, be transferred to the wife, in partial satisfaction of his obligations to her, and in order to satisfy the remainder, the court awarded her a judgment against him in the sum of $18,808.91.

On this appeal, the husband contests every aspect of the divorce judgment except the granting of the divorce, the award of custody of the children to the wife, and the award of child support. One of his major contentions is that the trial court should have vacated prior money judgments against him and reduced the pendente lite award of maintenance for his wife and support for his children, upon which the wife's claim

for arrears was based. He also claims that the award of necessaries was grossly excessive. He bases his claims on the fact that his income was drastically reduced immediately after he left the marital residence and the wife was therefore obligated to lower her standard of living. He also maintains that the trial court's distributive award to the wife of 60% of the marital assets, and directing the transfer of his interest in the marital residence to the sole ownership of the wife, was inequitable.

Many of the arguments presented by the husband herein were rejected by the trial court which concluded that there was no basis to have required the wife to restrict her life-style after the husband left his family "in view of the prior substantial earnings of the [husband] and his boastful statements as to his prospects". The trial court also emphasized the great disparity in the earning potential of the wife, who more than likely would obtain limited earnings if she returned to her profession as a teacher, as compared to the husband's "virtually unlimited" potential based upon his proven sales ability. It concluded that "[t]here could be no greater reason to provide for the [wife] by way of equitable distribution, especially in this case where the [husband's] current earnings do not match his prior earnings, nor do they approach his probable earnings in the not too distant future."

We find that in considering the facts and circumstances of this case the trial court achieved a fair and equitable determination with respect to every aspect of its final judgment, based upon sound reasoning and supported by the evidence. With respect to the husband's challenge to the award of arrears and necessaries, we agree with the trial court's conclusion that many of the expenses incurred by the wife could not have been curtailed. In fact, the high monthly mortgage payment on the house resulted from the husband's insistence, over the wife's objection, to refinance the mortgage in October 1981, less than a year before he left the marital residence. The fact that the husband received no distributive share of the marital assets as a result of this action was due to his own failure to pay his support and maintenance obligations to his family.

Specifically, we find no merit to the husband's contention that, in view of his limited financial circumstances, the wife's proven ability to be self-supporting and her misappropriation of his assets, the award of $50 per week maintenance to the wife should not have been made. The memorandum decision of the trial court reflects the careful consideration of all of the

factors relevant to an award of payment maintenance *(see,* Domestic Relations Law § 236 [B] [6]).

The trial court also properly refused to set aside the money judgments entered against the husband after he failed to comply with the pendente lite order. The allegations asserted in the parties' affidavits concerning the wife's application for temporary relief were explored during the trial. After considering the witnesses' testimony and the documentation submitted by the wife and husband, the court correctly concluded that while there may have been inaccuracies, they did not rise to the level of fraudulent misrepresentations justifying the setting aside of the judgments as requested by the husband.

Moreover, the court's decision to grant the wife $45,000 in arrears over and above the unpaid judgments was reasonably based upon the court's finding that the husband had sufficient funds available to him from various sources to be utilized for the support of his family.

Also, the evidence submitted by the wife with respect to the claimed necessaries consisted of canceled checks which sufficiently documented each of her expenditures and the nature of the purchases. The testimony of the wife established that these items were necessary for the support and maintenance of the family in accordance with their previous life-style *(see, Malman v Malman,* 46 AD2d 803). Accordingly, the court's award to the wife for necessaries in the sum of $41,340.38 is supported by the evidence in the record.

As to the award of $10,000 to the wife for legal fees and disbursements in the sum of $1,908.06, we find that contrary to the husband's contention, the trial court properly took into consideration the ability of each of the parties to pay their respective counsel. The court awarded substantially less than the wife requested, noting that "[t]here is justification for the wife to pay a substantial portion of her own legal fees since she has received a distributive award exceeding that which was given to the husband". The wife also correctly points out that a large portion of the legal fees was generated by the necessity to make repeated applications to the court for enforcement of the pendente lite order which the husband failed to satisfy.

Finally, although on this appeal the husband requests liberal visitation, he fails to specify what modification he seeks with respect to the visitation schedule ordered by the trial court. Accordingly, we have not considered the merits of this contention.

We find no merit to the husband's remaining contentions. Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.