OPINION OF THE COURT
Bernard F. McCaffrey, J.
Plaintiff’s motion seeks, inter alia, an order directing defendant to pay plaintiff, pendente lite, the sum of $1,000 as and *228 for accounting fees to evaluate the certified public accountant’s license of defendant pursuant to the decision of the Court of Appeals in O’Brien v O’Brien (66 NY2d 576). The court held in O’Brien that the husband’s medical license constitutes "marital property” within the meaning of Domestic Relations Law § 236 (B) (1) (c) and that it is therefore subject to equitable distribution pursuant to subdivision (5) of that part.
It appears herein that issues of first impression are raised because in the O’Brien case the parties’ only asset of any consequence is the husband’s newly acquired license to practice medicine, whereas, in the case at bar, the defendant husband is a C.P.A. and a partner in Vanasco & Resnick, an established accounting firm, although a faltering one according to defendant’s affidavit in opposition. In any event, in the case at bar, plaintiff previously obtained an award of $1,500 for the services of an expert to evaluate defendant’s interest in the accounting firm. The value of an on-going business or practice acquired in the course of a marriage is, of course, recognized as marital property (see, Litman v Litman, 93 AD2d 695, affd 61 NY2d 918). Plaintiff contends that no evaluation of defendant’s accounting license had been contemplated until the decision in O’Brien came down. The defendant objects on the ground that the C.P.A. license cannot be sold or "traded” like a stock or commodity. Defendant claims the only relevance his license has here is that it constitutes a prerequisite to the conducting of the accounting practice whose fruits are produced through said license and defendant’s efforts, and that said practice has already been the subject of an evaluation by plaintiff’s expert.
In O’Brien (supra), the husband was licensed to practice medicine in October 1980 and brought his action for divorce two months later. At the time of trial, the husband, in O’Brien, was a resident in general surgery, which residency was scheduled to end in 1985. Thus, in O’Brien, nearly all of that parties’ nine-year marriage was devoted to the acquisition of the husband’s medical license, and the wife played a major role in that project.
In the case at bar, the parties were married on May 10, 1969 and the defendant husband herein obtained his C.P.A. license shortly after studying from 1971 to 1974 while working full time and attending night school to study for his C.P.A. exam. He then began building his accounting practice. The present firm, Vanasco & Resnick, was reorganized in 1983 *229 after a former partner left the firm. In a statement of financial condition dated December 6, 1983 filed with Chemical Bank, the defendant reflected the value of $525,000 as his interest in Vanasco & Resnick.
There is no question that Domestic Relations Law § 237 authorizes payment for the services of certain experts (see, Ahern v Ahern, 94 AD2d 53). The Court of Appeals has clearly rejected the concept that the equitable share of the defendant toward the acquisition of plaintiff’s medical license should be limited only to the amount of actual financial contribution of the defendant, plus interest (see, O’Brien v O’Brien, supra).
As to the argument raised herein by the defendant to the effect his C.P.A. license is not a commodity to be sold or traded as stock, the Court of Appeals has clearly stated that it is of no consequence, indicating that a professional license is a "thing of value” arising out of the marital relationship and classifies said license as marital property subject to equitable distribution by focusing on the marital status of the parties at the time of acquisition (see, O’Brien v O’Brien, supra, pp 583-586). Implicit in the statutory scheme which produced our Equitable Distribution Law is the concept that upon dissolution of the marriage, there should be a winding up of the parties’ economic affairs and a severance of their economic ties by an equitable distribution of the marital assets.
Where equitable distribution of marital property is appropriate but "the distribution of an interest in a business, corporation or profession would be contrary to law,” the court is required to make a distributive award in lieu of an actual distribution of the property (see, Domestic Relations Law § 236 [B] [5] [e]). Clearly, those words indicate that an interest in a profession or professional career potential is marital property which may be represented by direct or indirect contributions of the non-title-holding spouse, including financial contribution and nonfinancial contributions made by caring for the home and family (see, O’Brien v O’Brien, supra).
The problem in the case at bar is the application of O’Brien v O’Brien (supra) in a case not exactly on all fours with that case. Certainly, in the case at bar, the license itself becomes somewhat less significant where it appears to have merged in the business itself and the danger arises wherein, in the case at bar, plaintiff may, in effect, be seeking "two bites of the apple.” As stated in O’Brien, an analysis of the situation is most appropriate, and in its analysis of the situation here, the *230 court concludes that marital property encompasses a license to practice accounting to the extent that the license is acquired during marriage, but that the value of said license may, as in the case at bar, merge into the business conducted through said license so that an evaluation of said business, rather than the license, is a truer measure of value of said property.
Surely, an attempt to evaluate defendant’s accounting license utilizing the method applied in O’Brien (66 NY2d 576, supra) where the expert arrived at value by comparing the average income of a college graduate and that of a general surgeon between 1985, when O’Brien’s residency would end, and the year 2012, when he would reach age 65, loses sight of the fact the defendant, in the case at bar, has already established a track record as an accountant — good, bad, or otherwise— which is far more practical, and less speculative, to measure and gauge. The value of the license, if any, is subsumed in the "value” of the practice so that any residual value of the license is de minimis.
The court notes in Maloney v Maloney (Sup Ct, Richmond County), which appeared in the New York Law Journal on April 15, 1986 (p 16, col 3), that the court valued the medical license of plaintiff who was a medical doctor who started a medical practice in 1980. However, this does not necessarily support the proposition that there should be a separate valuation of a professional license where there is a professional practice in existence.
In Maloney (supra), the court, of course, is correct in acknowledging that a medical license is a marital asset subject to equitable distribution by the court. In Maloney, the parties, who wed in 1969, were married for 15 years during which time plaintiff entered medical school, fathered two children, completed medical school, completed his internship and residency training, as well as a fellowship. In Maloney, the plaintiff began his private practice of medicine in August 1980 and left his wife in September 1980, at which time he began the private practice of medicine in association with another physician.
In structuring a distributive award in Maloney, the court evaluated the license in such a fashion as to (1) adequately reflect the contribution of the defendant (wife) to the acquisition of said license; (2) reflect a distribution in keeping with the method of evaluation utilized in the credible expert calcu *231 lation; and (3) structure the award in such manner as recognizes "the working spouse’s need for immediate payment, the licensed spouse’s current ability to pay and the income tax consequences of prolonging the period of payment” (O’Brien v O’Brien, supra, at p 588).
What is significant in terms of its comparison with the case at bar and what prompts this court to say that the Maloney decision does not necessarily support the proposition that there should be a separate valuation of a professional license where there is a professional practice in existence is the fact that in Maloney, the plaintiffs business was not evaluated; only the license was evaluated. The decision seems to indicate that there is a merger of the two — the license and the business — for what difference does it make whether what you evaluate is called a business or a license, if, in reality, they are one and the same thing.
Accordingly, the motion for expert fees to evaluate defendant’s license is denied.