■ Joyce Last, Respondent, v Ronald Last, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from stated portions of an amended judgment of the Supreme Court, Suffolk County (Campbell, J.), dated September 25, 1984, which, *inter alia,* (1) directed that he pay maintenance to the plaintiff wife in the amount of $50 per week for a period of one year or until the plaintiff wife's remarriage, whichever occurs first, (2) directed that he pay child support in the sum of $50 per week for each of the parties' two children, terminating upon their attainment of 21 years of age or the emancipation of each child, whichever occurs first, (3) directed that he pay to the plaintiff wife $3,500 in counsel fees, (4) directed that the net proceeds of sale of the marital home, held in an escrow account, be divided equally between the parties, (5) directed that the sum of $6,610, representing the amount of temporary maintenance and child support previously directed to be paid by order of the same court (Lama, J.), dated December 14, 1983, and the award of counsel fees to the plaintiff wife, be charged to his share of the net proceeds of sale of the marital home, and (6) directed that the sums of $1,900 and $5,200, representing maintenance and child support, respectively, continue to be held in the escrow account, with the appropriate amounts paid biweekly to the plaintiff wife and charged against his share of the net proceeds of sale of the marital home.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The amended judgment and the memorandum decision upon which it was based reflect that the trial court's distribution of marital property was made with due regard for the enumerated statutory factors *(see,* Domestic Relations Law § 236 [B] [5] [d]), and the court achieved a fair and equitable determination, supported by the evidence and based upon sound reason-

ing (see, Erdheim v Erdheim, 119 AD2d 623, 626, lv denied 68 NY2d 607). Moreover, we discern no abuse of discretion with respect to the trial court's award of maintenance (see, Domestic Relations Law § 236 [B] [6]), child support (see, Domestic Relations Law § 236 [B] [7]) or counsel fees (see, Domestic Relations Law § 237; Van Velsor v Van Velsor, 120 AD2d 584).

The remaining contentions of the parties have been considered and are found to be without merit. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.