■ NANCY A. SIMONS, Appellant, v WILLARD SIMONS, Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Allegany County, for further proceedings, in accordance with the following memorandum: Pursuant to an oral stipulation, incorporated but not merged in a 1981 judgment of divorce, defendant agreed to pay plaintiff $50,000 per year in weekly installments as unallocated maintenance and child support. These payments were to terminate after 10 years or upon plaintiff's remarriage. If plaintiff remarried, or at the conclusion of 10 years, defendant agreed to pay child support to plaintiff in the amount of $125 per child per week for each unemancipated child of the marriage who resided with the plaintiff.

In September 1986, defendant sought a modification of the

judgment on the ground that the children no longer resided with the plaintiff in that the youngest daughter resided with defendant, the oldest daughter was a full-time college student and the son was in military service. Plaintiff cross-moved to enforce the judgment seeking arrears, reimbursement for certain sums expended for college expenses for the parties' oldest daughter and counsel fees. The court, based solely upon the affidavits of the parties and their counsel, directed that the $50,000 annual payments must continue, but ordered plaintiff to pay defendant $125 per week for the support of the youngest daughter residing with him, and $125 per week for the support of the eldest daughter for all weeks except those for which she actually resides with plaintiff. The court denied plaintiff's motion for reimbursement of college expenses for the eldest daughter and for counsel fees. Plaintiff appeals from this order. We affirm the order with respect to custody, which is not challenged on appeal and otherwise reverse.

Although the court correctly declined to modify the amount of defendant's payment of unallocated support (see, Surlak v Surlak, 95 AD2d 371), it ordered plaintiff to pay defendant the sum of $125 per week child support for Melissa and $125 per week for Monica, except for the weeks she actually resides with plaintiff. This award has no support in the record and must be vacated. It was patently erroneous for the court to use the amount agreed to by the parties as the amount defendant would pay plaintiff per child in the event of plaintiff's remarriage or the expiration of the 10-year period. This amount was based on defendant's ability to pay, and plaintiff's financial resources are obviously different from his. Moreover, defendant's papers in support of the motion are insufficient to raise a factual issue as to whether he is entitled to receive child support from plaintiff. His request is not predicated on the children's right to receive adequate support, because defendant's financial affidavit demonstrates his ability to provide for the children's needs (Matter of Brescia v Fitts, 56 NY2d 132, 141-142). Nor has defendant shown an unanticipated and unreasonable change of circumstances resulting in a concomitant need (Matter of Boden v Boden, 42 NY2d 210, 213). The only arguably unanticipated occurrence has been Melissa's coming to live with defendant. However, defendant, whose income far exceeds that of plaintiff, has failed to show the expenses attributable to the children or that this occurrence has resulted in a need for support from plaintiff. Defendant's request for child support should have been denied.

As to the issue of Monica's college expenses, the court

erroneously denied plaintiff's request for reimbursement for sums expended upon defendant's failure to pay. The stipulated settlement provides that defendant "shall be responsible for all private school tuition expenses for the children, including but not limited to secondary school, college, professional school". The agreement further provides that the parties "will try" to make which school the child attends a "group decision"; however, the agreement does not condition the husband's obligation to pay the costs on whether he has had any input into the decision of which school his child would attend. The agreement clearly contemplates a "private school" education; therefore, defendant's arbitrary decision to pay "only half" of his daughter Monica's college expenses cannot be countenanced. Plaintiff's motion requesting reimbursement for all sums she has expended toward Monica's college expenses as a result of defendant's failure to pay them should have been granted. Defendant is ordered to reimburse plaintiff for Monica's college expenses in the amount of $3,338.35.

Finally, in our view, plaintiff has proven her entitlement to counsel fees. Defendant admitted that he arbitrarily and without the advice of counsel stopped making all payments to plaintiff for several weeks, and arbitrarily decided to pay only half of Monica's college expenses, in violation of the parties' agreement (Domestic Relations Law § 237 [c]) and the decree. A hearing should be held for the limited purpose of determining a reasonable amount to be awarded to plaintiff for counsel fees. (Appeal from order of Supreme Court, Allegany County, Horey, J.—child support.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.