■ MARY C. ANDERSON, Appellant, v JOHN H. ANDERSON,

Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated March 18, 1987, as declined to determine that the defendant's professional degrees and licenses as a health care administrator constituted marital property subject to equitable distribution, denied the plaintiff's requests for expert and counsel fees, and failed to award interest on a distributive award.

Ordered that the judgment is modified by adding a provision determining that the defendant's degrees and licenses as a health care administrator constituted marital property subject to equitable distribution; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for a determination by a different Justice or Judicial Hearing Officer of the value of that property and the wife's equitable share thereof.

The parties were married in 1967. At that time they were both high school graduates. In 1969 the defendant husband began to attend college on a full-time basis while the plaintiff wife continued to work and support the couple. The husband ultimately earned a degree in history in 1971. In early 1972, the wife gave birth to the first of the couple's four children. After that child's birth, the husband informed the wife that he wished to pursue a nursing degree. Eight weeks after the child's birth, the wife returned to the work force, and the husband returned to school on a full-time basis. This continued until 1974 when the second child was born. The wife became a full-time homemaker and primary child caretaker; the husband began to work in nursing. In 1977 the wife gave birth to twins.

Since 1974, by attending graduate school at night and on weekends, the husband earned Master's degrees in health care administration and labor and industrial relations. He is also a licensed nursing home administrator.

The Judicial Hearing Officer erred in failing to grant the wife an equitable share of the husband's degrees and licenses. As noted, the record demonstrates that while the defendant was responsible for the major share of the economic contributions to the marriage in its later years, the wife's comparatively small financial contributions "were significant because they were made early in the marriage and helped enable the [husband] to pursue a[n] * * * education and career" (*Marcus v Marcus,* 137 AD2d 131, 135). Moreover, her noneconomic

contributions as a full-time parent, spouse, and homemaker were substantial throughout the parties' 20-year marriage.

The Judicial Hearing Officer stated that he was unable to award the wife any equitable distributive share of the husband's degrees and licenses, since the wife's expert could not express any opinion as to the monetary value of the degrees and license. However, in *Marcus v Marcus* (137 AD2d 131, *supra)* and *McGowan v McGowan* (142 AD2d 355, 359), decided subsequent to the judgment appealed from, this court set forth a method for determining the monetary value of professional degrees and licenses.

Accordingly, the matter is remitted for the limited purpose of making a determination as to the value of the husband's degrees and licenses as a health administrator, and the wife's equitable share of these assets. The court should determine the value of the husband's degrees and licenses in accordance with the procedure outlined in *McGowan v McGowan* (142 AD2d 355, 359, *supra).* Upon remittal, the court may take such evidence as is necessary to reach that objective. In determining the wife's equitable share of the husband's degrees and licenses, the court should keep in mind what strikes us as a somewhat low maintenance award *(see,* Domestic Relations Law § 236 [B] [5] [d] [5]).

We note that contrary to the husband's assertions, the fact that the wife is represented by free legal services does not disqualify her from being awarded expert and counsel fees pursuant to Domestic Relations Law § 237. However, the Judicial Hearing Officer correctly declined to award such fees in light of the husband's precarious financial condition.

As the wife did not request that her distributive pension award include computations of interest for the deferred payments, the matter is unpreserved for appellate review *(see,* CPLR 5501; *Matter of Warne v Warne,* 120 AD2d 911). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.