■ JANICE R. SCHNEIDER, Respondent, v JEFFREY SCHNEIDER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, (1) as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Friedenberg, J.), entered December 28, 1987, as amended March 1, 1988, as, after a nonjury trial, awarded the plaintiff wife $13,764 for necessaries, $5,618.56 for arrears in pendente lite maintenance and child support, $300 per week ($150 per week per child) in child support, and $16,832.20 in counsel fees.

Ordered that the judgment, as amended, is modified, on the law and the facts, by reducing the award for necessaries from $13,764 to $11,764 and reducing the award for arrears in pendente lite relief from $5,618 to $4,290; as so modified, the judgment, as amended, is affirmed insofar as appealed from, with one bill of costs.

The plaintiff and the defendant separated in November 1985 after 16 years of marriage. From that time until June 1986 the defendant gave the plaintiff no funds for her maintenance or the support of their two children. In July 1986 the plaintiff obtained an order awarding her pendente lite maintenance of $100 per week and pendente lite child support of $100 per week per child.

On this appeal, the defendant alleges that the Supreme Court abused its discretion when it directed him to pay child

support of $150 per week for each of the parties' children. The record supports the Supreme Court's conclusion that the defendant had significantly undervalued his income during the two years preceding the judgment herein. Although the defendant claimed that he only received income of $38,315 in 1985 and $34,379 in 1986 as indicated on his tax returns, the evidence at trial demonstrated that he had access to considerably more money and did not contribute to the support of the children. He also deposited $11,000 into a bank account, the existence of which was not disclosed until the time of trial. He purchased an automobile for $14,775. Upon the sale of the marital residence, the defendant was able to make a down payment of $97,000 on a residence which cost $168,000, and was able to provide furnishings for the house. Additionally, in 1985 he received a Federal tax refund of $1,612 and in 1986 he received a Federal tax refund of $6,091.

Under these circumstances, it cannot be said that the Supreme Court improvidently exercised its discretion in directing the defendant to pay $150 a week in child support for each of his two children (see, Domestic Relations Law § 236 [B] [7]). Nor can it be said that the court erred when it declined to modify the pendente lite award to the plaintiff of $100 per week per child in child support and $100 per week in maintenance. This is particularly so where, as here, the plaintiff was effectively out of the workplace since the birth of her first child in 1973, and only recently began to establish a career for herself as a real estate salesperson.

We note that the parties stipulated at trial that the amount of arrears with respect to the pendente lite award was $4,290. Accordingly, the award for arrears should be reduced to that amount.

The court also awarded $13,764 for the expenditures that the plaintiff made for necessaries prior to the order granting her pendente lite relief. Although necessaries must be established by competent proof, the plaintiff in this case sufficiently described and documented each item claimed (see, Malman v Malman, 46 AD2d 803; Erdheim v Erdheim, 119 AD2d 623, 627; cf., Himelfarb v Himelfarb, 35 AD2d 664). We note that under the circumstances of this case, amounts spent by the plaintiff on premiums for insurance on the defendant's life, as well as interest on loans the plaintiff was required to incur during those periods when the defendant was not expending any money for the support of his family should properly be deemed necessaries (see, De Brauwere v De Brauwere, 203 NY 460).

However, the court, in calculating the sum of the items that it correctly deemed to be necessaries, made a mathematical error. Accordingly, the judgment, as amended, is modified by reducing the award to $11,764, the correct sum.

Finally, the defendant contends that the court improperly awarded counsel fees to plaintiff's counsel in the amount of $15,000 with disbursements. It is observed that many of the legal costs that the plaintiff was required to pay were the direct result of the defendant's refusal to meet his obligation to support his family. As noted, this refusal forced the plaintiff to move for pendente lite relief. It also compelled her to serve an income execution upon the defendant's employer and to move to enforce the pendente lite award on at least one occasion. Under these circumstances, and in view of the disparate incomes of the parties, the award of counsel fees in this case was not an improvident exercise of discretion (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879; see, Frankel v Frankel, 82 AD2d 796; see also, Simons v Simons, 139 AD2d 959, 961; Davis v Davis, 128 AD2d 470, 479). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.