■ ROSETTA GROSS, Respondent-Appellant, v IRVING A.

Gross, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Zelman, J.), entered March 2, 1988, which, *inter alia,* (1) awarded the plaintiff wife exclusive ownership of the marital residence, (2) awarded the plaintiff a quarter interest in certain property in Vermont, (3) awarded the plaintiff a quarter share of the defendant's employment-related stock savings plan and retirement pension, (4) failed to include the plaintiff's Master's degree in education and teaching license as marital assets, (5) directed the defendant to pay maintenance to the plaintiff in the amount of $300 per week for four years, and (6) directed the defendant to pay the plaintiff's counsel fees in the amount of $17,000, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same judgment, which, *inter alia,* failed to direct the defendant to provide her with medical insurance and permanent maintenance and make her a beneficiary of an insurance policy on his life.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which awarded the plaintiff a 25% interest in the real property which is located in Vermont and substituting therefor a provision awarding the defendant exclusive ownership of that real property; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The husband, Irving Gross, who was born in 1928, and the wife, Rosetta Gross, who was born in 1931, were married in 1953. They have three children, all of whom are now emancipated. In 1972, the husband left the marital residence in Plainview and the parties continuously remained separated thereafter. Subsequent to his departure, the husband continued to make the mortgage payments on the house in Plainview and further provided support for the plaintiff and his children, first pursuant to a stipulation and later pursuant to a court order. In 1978, the husband used his earnings to purchase property in Bayside where he has since resided. After a separation of almost 12 years, the wife commenced the instant action in 1983.

We find that the Supreme Court properly exercised its discretion in awarding the wife sole title to the former marital residence. The wife contributed her services as a wife, parent and homemaker to the property. Since 1972, the husband has

made his home elsewhere while the wife has continued to reside there (see, Domestic Relations Law § 236 [B] [5] [d]).

Further, based on the salient factors enumerated in the foregoing statutory provision, we conclude that the court properly exercised its discretion in awarding the husband sole title to the Bayside premises. Not only did the wife fail to make a financial contribution to the acquisition of that property, but, since she and the husband were already separated at the time of its purchase, she also failed to contribute her services as a homemaker to its maintenance (see, Domestic Relations Law § 236 [B] [5] [d]).

However, the trial court improvidently exercised its discretion in awarding the wife a quarter interest in the Vermont real estate which the husband purchased in 1968. Not only did the wife fail to make any financial contribution to the purchase and maintenance of this property but the record additionally indicates that she made no contributions to the property as a homemaker and in fact never visited the property after the husband took title to it (Domestic Relations Law § 236 [B] [5] [d]).

The Supreme Court's additional determination that the wife was entitled to a quarter share of the husband's employment-related pension and stock savings plan was a proper exercise of its discretion. The record established that as of the date the action was commenced, the wife had resided with the husband for only three of the 14 years that he worked for the employer which provided those benefits. Thus, the wife's contributions to this phase of the husband's career have been less than substantial.

With respect to the $300 per week in maintenance awarded to the wife for a duration of four years, we reject the husband's contention that this award was improper owing to the wife's purported ability to be self-supporting. Given the wife's age and the fact that she has never held a full-time teaching position, it is unrealistic to suggest that she would now be able to achieve a level of financial independence which would eliminate her need to rely on the husband's support (see, Gannon v Gannon, 116 AD2d 1030).

We need not reach the issue of whether the wife's Master's degree in education and her accompanying teaching license constituted marital property, since there was no evidence adduced as to the value of the degree and/or certification (see, Rosenberg v Rosenberg, 155 AD2d 428). At the trial, the husband's expert witness merely testified as to what her

earnings would be at present if she had obtained a teaching position upon earning the Master's degree in 1971, but provided no testimony as to what her future enhanced earnings would currently be *(see, O'Brien v O'Brien,* 66 NY2d 576).

We further find that the award of counsel fees to the wife's attorney in the sum of $17,000 was proper. The financial circumstances of the parties were extensively covered during the course of the trial. While the husband would ordinarily be entitled to an evidentiary hearing with regard to the value and extent of counsel's claimed services, we note that the husband failed to raise any objection to the resolution of the issue of counsel fees based on the pleadings, motions, examinations before trial and the trial itself. Accordingly, the husband has waived his right to a hearing on the issue *(see, Rosenberg v Rosenberg, supra; Janousek v Janousek,* 108 AD2d 782).

In view of the reasonably generous distributive and maintenance awards which the wife received, and the fact that the wife is in good health and could obtain full-time employment, we conclude that the court did not improvidently exercise its discretion pursuant to Domestic Relations Law § 236 (B) (8) in failing to direct the husband to provide the wife with medical insurance or to name her as beneficiary of an insurance policy on his life. Mangano, P. J., Thompson, Kunzeman and Rubin, JJ., concur.