■ MICHELLE SHOENFELD, Appellant-Respondent, v ERIC SHOENFELD, Respondent-Appellant.—In an action for divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (Brucia, J.), dated July 6, 1988, which, *inter alia,* directed the defendant to initially pay to the plaintiff $300 per week in maintenance and $175 per week in child support, and the defendant cross-appeals from stated portions of the same judgment.

Ordered that the judgment is modified, on the law, by (1) deleting the first sentence of the seventh decretal paragraph thereof and substituting therefor a provision that the defendant shall pay to the plaintiff maintenance in the amount of $300 per week for a period of five years, at the end of which period all obligation to pay maintenance shall terminate, and by (2) deleting the nineteenth and twentieth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the distributive award in accordance herewith.

The parties herein were married in June 1977, some six months after the defendant husband completed his medical studies in Mexico. However, since he had graduated from a foreign medical school, it was necessary for him to attend a fifth year pathway program affiliated with an American medical school in order for him to become licensed in the State of New York. While the husband was attending that year-long program for which he was not paid, the plaintiff wife was employed as a keypunch operator. During the following two years, the husband successfully completed an internship and residency and thereafter, in August 1981, opened his own medical practice.

In May 1983 the wife commenced the instant action, *inter alia,* for separation, and the husband counterclaimed for divorce. At the trial which ensued, each party presented an expert witness who testified as to the value of the husband's practice. The wife's witness additionally testified as to the value of his medical license.

On appeal, the husband contends that it was inappropriate

for the trial court to award the wife maintenance of unlimited duration and that the amount of the award was excessive. We agree to the extent that under these circumstances, where the wife is relatively young, in good health and had prior work experience, and where her youngest child had either just entered or was about to enter school, an award of unlimited duration was inappropriate *(see, e.g., Hillmann v Hillmann,* 109 AD2d 777; *Armando v Armando,* 114 AD2d 875). Accordingly, it is appropriate to set a durational limitation of five years in regard to the award of maintenance. Such a limitation will allow the wife to remain at home until her children are 13 and almost 11 years of age, respectively *(see, Sorrentino v Sorrentino,* 116 AD2d 564).

Taking into consideration the financial circumstances of the parties, we do not find that the award of maintenance in the sum of $300 per week is excessive *(see, e.g., Gross v Gross,* 160 AD2d 976). However, we find no basis to extend the maintenance award retroactively for the period covered by the pendente lite order. The wife failed to establish in this regard that she had experienced financial hardship during the period prior to the entry of the instant judgment and, indeed, acknowledged that the husband had voluntarily paid certain of his children's expenses during this period.

The husband also contends that the wife was not entitled to an interest in his medical license on the dual grounds that she had made no contribution to its attainment and that the license had already merged with his practice by the time she commenced this action. We find both arguments to be unpersuasive. The record indicates that although the parties married after the husband had obtained his medical degree in Mexico and had returned to this country, it was the wife alone who worked during the first year of the marriage while the husband completed the fifth year pathway program, without which he could not have obtained his license to practice in New York State. Under these circumstances, an award to the wife of an interest in the husband's medical license was proper *(see, O'Brien v O'Brien,* 66 NY2d 576; *Anderson v Anderson,* 153 AD2d 823; *Marcus v Marcus,* 137 AD2d 131).

Since the husband had been in practice for a little less than two years when this action was commenced, it is clear that the practice at the time of valuation was newly established and had not yet developed to its full potential. It was, therefore, proper for the trial court to determine that the license and the practice had not merged *(see, Marcus v Marcus, supra;*

*see also, Behrens v Behrens,* 143 AD2d 617; *cf., Vanasco v Vanasco,* 132 Misc 2d 227).

Although the trial court properly found that the expert testimony was not sufficient to support a license valuation methodology of the type followed in *O'Brien (supra)* and, therefore, properly rejected the methodologies used by the wife's expert (for instance, the expert premised his figures on the income of an internist rather than a family practitioner), the court erred in computing the value of the license.

Because there was no testimony as to whether the defendant's board certification had a value separate from his medical license, we need not reach that issue. However, we note in any event that the court erred in placing a value on the board certification since there was no evidence at trial as to its value. We further conclude that the court improperly relied on the capitalization of earnings approach set forth in *Nehorayoff v Nehorayoff* (108 Misc 2d 311) in determining the value of the husband's license. That reliance was misplaced because that case involved the valuation of an established medical practice—specifically, a professional corporation—and not the valuation of a license.

Accordingly, the matter must be remitted for the purpose of making a new determination as to the value of the husband's license and medical practice and the wife's equitable share of these assets. The court should determine the value of the husband's license in accordance with the procedure outlined in *McGowan v McGowan* (142 AD2d 355, 359). Upon remittal, the court may receive such evidence as is necessary to reach that objective *(see, Anderson v Anderson,* 153 AD2d 823, *supra).* Moreover, because the value of either the license or the practice may require further adjustment so as to avoid the problem of the wife receiving a "double benefit", we remit the matter for a determination with respect to the practice also *(see, e.g., Marcus v Marcus,* 137 AD2d 131, 139-140, *supra).*

We find no merit to the other claims of error the husband makes in regard to the court's determination of the distributive award. Regarding his claim that the trial court erred in failing to consider the tax consequences of the award, we note that the husband failed to offer any testimony concerning tax liabilities. Accordingly, the court was justified in formulating a distribution plan without consideration of tax laws *(see, Maloney v Maloney,* 137 AD2d 666). Because the valuation of a medical practice should include, *inter alia,* an analysis of good will *(see, Marcus v Marcus, supra,* at 138), the court properly

considered the value of the practice to another professional and not just to a third-party purchaser in determining the value of the practice.

We next turn to the wife's contention that the trial court erred in dismissing her cause of action seeking reimbursement for payments she had purportedly made for necessaries. An award reimbursing a spouse for such payments must be established by competent proof (see, Schneider v Schneider, 156 AD2d 439; Erdheim v Erdheim, 119 AD2d 623). However, the only evidence submitted by the wife—a handwritten list of purported expenses she had made—was clearly insufficient to prove that the expenditures either constituted necessaries or, for that matter, were even bona fide. We thus find this claim to be lacking in merit.

In view of the dire financial circumstances in which both parties find themselves and especially in light of the huge debt which the husband had incurred, we conclude that the court's denial of the wife's request for an award of counsel fees was not an improvident exercise of its discretion pursuant to Domestic Relations Law § 237 (a).

Finally, we have considered the wife's remaining claim as to the impropriety of the court's denial of her request for various kinds of ancillary relief and conclude that it, too, is without merit. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.