■ CATHERINE M. LORICA, Appellant, v COSIMO LORICA, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Hughes, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered February 15, 1990 in Albany County, upon a decision of the court.

Plaintiff appeals Supreme Court's judgment in this divorce action, contesting only the amount of the distributive award in her favor. The parties were married on October 2, 1981 and separated for the last time in March 1984. Plaintiff commenced this action in October 1984 and the matter ultimately came on for trial in July 1989. Supreme Court rendered its decision in December 1989 and judgment was entered thereon in February 1990. The sole marital assets were found to be the parties' residence at 5 Pine Pitch Road in the City of Albany and the furniture and furnishings contained therein. Supreme Court valued the marital residence as of the date of commencement of the action at $101,400, credited defendant with an initial contribution of $83,000, the value of the residence at the time of the parties' marriage, and awarded plaintiff one half of the difference. On appeal, plaintiff's primary contention is that Supreme Court should have valued the property at $175,000, its undisputed value as of the date of trial. Alternatively, plaintiff argues that, even if Supreme Court did not err in valuing the property as of the date of commencement of the action, it should have accepted the appraisal testimony of her expert and rejected defendant's evidence of value as incompetent. We disagree with both contentions and accordingly affirm.

We see no patent inequity in Supreme Court's valuation of the marital property as of the date of commencement of the action *(see, Lord v Lord,* 124 AD2d 930, 932; *cf., Patelunas v Patelunas,* 139 AD2d 883, 884-885; *Wegman v Wegman,* 123 AD2d 220, 230, 237). Defendant acquired the Pine Pitch Road lot prior to the parties' marriage, and the record amply supports Supreme Court's determination that plaintiff made no contribution of money or labor in connection with the subsequent construction of the residence thereon. Defendant has made all payments on and remains solely liable for the balance of the mortgage loan on the property. The marriage lasted only 29 months prior to the parties' final separation, and plaintiff resided with defendant no more than one half of that time. During those occasions when the parties did reside together, defendant provided for plaintiff's sole support and, at various times, the support of several of her relatives. Under the circumstances, plaintiff has no valid claim to a share of

the property's appreciation during the pendency of the divorce action, particularly in view of the fact that it was her responsibility to move the matter to trial. Finally, it is our view that Supreme Court properly exercised its broad discretion in accepting the appraisal of defendant's expert *(see, Oswald v Oswald,* 154 AD2d 817, 819; *Reina v Reina,* 153 AD2d 775, 776-777).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.