■ ROBERTA MALIN, Appellant-Respondent, v SELWYN MALIN, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Marbach, J.), dated August 24, 1989, which, inter alia, (1) failed to direct the defendant to provide her with permanent maintenance and make her a beneficiary of an insurance policy on his life, (2) awarded her only 25% of the value of the defendant's annuity and pension funds, (3) denied her claim for $16,514.48 in necessaries, and (4) denied her application for counsel fees, and the defendant cross-appeals, as limited by his brief, from stated portions of the same judgment which, inter alia, (1) directed him to pay maintenance to the plaintiff in the amount of $500 per week for five years, (2) failed to distribute, as marital property, the plaintiff's Individual Retirement Accounts, and (3) awarded him only $1,600 as a credit for an automobile.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) adding, in the third decretal paragraph thereof, after the word "years", the following: "and until the parties' Long Island property and marital domicile are sold, whichever occurs last, or"; (2) deleting, in the eighth decretal paragraph thereof, the figure "$34,536", and substituting therefor the figure "$122,470.80"; (3) deleting the twentieth decretal paragraph thereof and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED that the defendant husband is entitled to the sum of $5,900 as and for his equitable distribution in and to the plaintiff wife's Individual Retirement Accounts payable by the plaintiff out of her share of proceeds from the sale of the Long Island property and the marital residence"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We note initially that the Supreme Court's award of maintenance to the wife in the amount of $500 per week for five years was proper under all of the circumstances *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Parris v Parris,* 136 AD2d 685; *Jones v Jones,* 133 AD2d 217; *Matter of De Nicola v De Nicola,* 108 AD2d 745; *Behan v Behan,* 163 AD2d 505). However, under the terms of the judgment as presently framed, the husband's obligation to pay maintenance to the wife could terminate prior to the sale of the parties' Long Island property and marital residence. In that situation, the wife would clearly suffer financial hardship, since her share of the husband's pension and annuity funds are to be paid by him out of his share of the proceeds from the sale of those two properties. Accordingly, the judgment has been modified to prevent that contingency. The parties should cooperate in effectuating the sale of the two properties.

The Supreme Court correctly exercised its discretion by crediting the husband's expert testimony that the value of his IATSE Local No. 1 pension fund was $65,681 *(see generally, Lorica v Lorica,* 169 AD2d 954). In addition, the Supreme Court fixed the value of his Equitable Equivest Pension Fund at $156,000 and the value of his IATSE Local No. 1 annuity fund at $25,002. In so doing, the Supreme Court erred, since the parties stipulated that these values were $154,054.51 and $25,206.09 respectively. The Supreme Court also erred in granting the wife 25%, rather than 50%, of the total value of the three funds. The husband began working at Lincoln Center, from which he obtains his pension and annuity benefits, in 1969. Thus, the parties have been married since the beginning of the period in which the pension and annuity benefits accrued. Under these circumstances, i.e., the length of the marriage and the mutual contributions of the parties to the marriage, the wife should have been awarded 50% of the value of the husband's pension and annuity funds *(see, Day v Day,* 152 AD2d 827, 829). Moreover, the Supreme Court further erred in reducing the wife's share in these funds by 44%, which it determined to be the husband's "tax burden". There is no evidence in the record to support such a finding and this court has stated that "where the party seeking the discount fails to present any evidence from which the court could have determined the dollar amount of the tax consequences * * * the computation of the award without regard to tax consequences will be deemed proper" *(Gluck v Gluck,* 134 AD2d 237, 239). Accordingly, the judgment has been modified to the extent indicated. In light of our determination on this issue,

we accept (1) the wife's concession, in her reply brief, that her Individual Retirement Accounts constitute marital property and total $11,800, and (2) the wife's concession, again in her reply brief, that the husband is entitled to one-half of that total, i.e., $5,900, and modify the judgment accordingly.

The remaining contentions raised by the parties do not warrant further modification of the judgment (see, *Schneider v Schneider,* 156 AD2d 439, 440; *Shoenfeld v Shoenfeld,* 168 AD2d 674; *Basile v Basile,* 122 AD2d 759, 760; *see also, Gross v Gross,* 160 AD2d 976, 979). Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.