■ JOYCE SCHLACHET, Respondent-Appellant, v PETER SCHLACHET, Appellant-Respondent.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered December 3, 1990, which, *inter alia,* granted plaintiff a judgment of divorce on the grounds of constructive abandonment, awarded plaintiff custody of the parties' child subject to certain visitation rights, and determined plaintiff's entitlement to equitable

distribution, spousal and child support and attorney's fees, unanimously affirmed, without costs.

The parties, who have one child, were married in 1977 and separated in 1985. Defendant, age 60, is a practicing psychologist. Plaintiff, age 46, is a licensed social worker. Plaintiff substantially reduced her practice at the time of the birth of the parties' child to become the primary caretaker and homemaker, as well as to assist defendant in his practice by networking and referrals. The court determined the value of the marital appreciation of defendant's practice during the marriage, awarding plaintiff 50% of such value, and directed defendant to pay plaintiff child support in the amount of $1,400 per month plus 70% of the costs of the child's medical insurance, unreimbursed medical expenses, private school tuition and child care, awarded plaintiff maintenance of $400 per month for four years, and directed defendant to pay $25,000 of plaintiff's counsel fees.

Contrary to defendant's contentions, the court properly relied upon plaintiff's expert in valuing defendant's practice by applying a capitalization rate of 3 to the weighted average excess earnings (see, Nehorayoff v Nehorayoff, 108 Misc 2d 311, 316-321). Further, plaintiff was entitled to 50% of the appreciation in the practice, based upon her contribution as parent and homemaker, and the sacrifices made in her career in favor of the advancement of that of defendant (see, Morrissey v Morrissey, 153 AD2d 609). The court also accurately determined the income of the parties, based upon the evidence submitted, and did not err in discounting defendant's disingenuous claim that his income had recently plummeted. Plaintiff was entitled to maintenance for four years to allow her to develop her practice (see, Warshaw v Warshaw, 169 AD2d 408). The court did not err in making open-ended directions for child care under the circumstances herein (see, Pulitzer v Pulitzer, 134 AD2d 84, 88). We find the remaining arguments raised similarly unpersuasive. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.