■ LINDA J. RELF, Respondent, v FRANK G. RELF, Appellant. [602 NYS2d 690] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered January 8, 1991, which, after a nonjury trial, *inter alia*, (1) directed the defendant husband to pay the plaintiff wife maintenance in the amount of $200 per week for a period of three years, (2) directed the defendant husband to pay child support in the amount of $278 per week, (3) distributed to the plaintiff wife, as marital property, an equitable share of the defendant husband's professional practice in the amount of $50,000, and (4) awarded the plaintiff wife the marital residence and an automobile.

Ordered that the judgment is modified, on the law and the facts, by deleting the ninth and thirteenth decretal paragraphs thereof, which awarded to the plaintiff wife the entire value of the marital residence, and extinguished all pendente lite, court-awarded obligations of the defendant in the amount of $42,900, and adding provisions thereto (i) awarding the plaintiff and the defendant 50% each of the net value of the former marital residence after the deduction of marital debts encumbering the premises, and (ii) awarding the plaintiff the sum of $42,900, representing court ordered pendente lite obligations of the defendant; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment, and further proceedings consistent herewith.

The trial court's finding that the husband "earns a minimum of $50,000 net" was supported by the record. Although the husband claimed that he only had income of approximately $25,000 in 1989, there was evidence that the husband's actual income was higher than his reported income. Thus, the trial court was justified in imputing to the husband an income which was higher than that which he was willing to admit *(see, Felton v Felton,* 175 AD2d 794; *Rosenberg v Rosenberg,* 155 AD2d 428, 431), and it properly determined the amount of maintenance and child support based on its finding that the husband had an income of at least $50,000.

The trial court's award of maintenance in the amount of $200 per week for the limited duration of three years was not

an improvident exercise of discretion in light of the parties' financial circumstances. Although the wife had prior work experience and the ability to be self-supporting, her custody of the parties' three infant children would preclude her from immediately obtaining full-time employment (see, Shoenfeld v Shoenfeld, 168 AD2d 674; Sorrentino v Sorrentino, 116 AD2d 564).

However, we conclude that the wife is not entitled to an award of the entire equity in the marital residence, which indisputedly constitutes marital property. The court determined that the husband should forfeit his entire equitable interest because of his failure to comply with his court-ordered financial obligations to the wife and the parties' children. Although we do not condone the husband's actions, we do not find sufficient basis in the record to justify a forfeiture of his equitable interest in the marital home. Instead, we find that the husband should be ordered to pay pendente lite arrears of $42,900, and he should be awarded 50% of the net value of the marital residence after deducting encumbrances that constitute marital debts. We remit the matter to the Supreme Court for entry of an appropriate amended judgment. Upon remittitur, the trial court shall determine the timing for payment of the obligations established herein based on the parties' current circumstances. The court may consider the wife's need to retain the marital residence during the minority of the parties' children and may order that payment to the husband of his equitable share in the residence be deferred until the youngest child becomes emancipated, at which time the wife may decide to sell the marital residence in order to pay the husband his equitable share. We leave such issues for the trial court to decide in the first instance.

We have reviewed the husband's remaining contentions and find that they are without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.