■ THOMAS A. WILSON, Respondent, v KAREN WILSON, Appellant. [612 NYS2d 158] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated September 18, 1990, which, after a nonjury trial, *inter alia,* awarded her maintenance of $500 per week for five years, and $262 per week in child support, and directed a division and distribution of marital property.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting from the fifth decretal paragraph thereof the words "five years" and substituting therefor the words "eight years", and (2) adding provisions thereto (a) directing the plaintiff husband to maintain all existing medical and dental insurance policies offered to him through his employment for the benefit of the parties' child until such time as his emancipation and for the defendant for a period not to exceed the period of time that the plaintiff is obligated to provide maintenance, (b) directing the plaintiff to pay all future reasonable health care expenses of the parties' child which are not covered by insurance, by direct payment to the health care provider until the child is emancipated, in the same proportion that the plaintiff's income is to the combined parental income, and (c) directing the plaintiff to maintain his existing life insurance policies naming the defendant as trustee for the parties' child as beneficiary of the policies, until such time as the child is emancipated; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The former wife contends that the maintenance award, limited to five years after a 17-year marriage, was an improvident exercise of discretion, since she will be unable to reenter the job market for several years. We agree. Domestic Relations Law § 236 (B) (6) (a), in pertinent part, provides that, "the court may order * * * maintenance in such amount as justice [may] require, having regard for the standard of living of the parties established during the marriage, whether the party in whose favor maintenance is granted lacks sufficient property and income to provide for his or her reasonable needs and whether the other party has sufficient [income or property] to provide for the reasonable needs of the other and the circumstances of the case and of the respective parties".

Here, although the former wife has prior work experience and the ability to eventually be self-supporting, her custody of the parties' infant child precludes her from immediately obtaining full-time employment *(see, Relf v Relf,* 197 AD2d 611). Furthermore, in light of the marked disparity between the income and resources of the respective parties, the fact that the former wife may require additional training in order to refresh her skills and prepare herself for reentry into the employment market, and that she gave up her own practice as social worker and counselor at the time of the parties' move to New York just prior to the birth of the parties' child, to become the primary caretaker and homemaker, we are of the view that the duration of the defendant's obligation to pay maintenance should be increased from a period of five years to a period of eight years *(see, e.g., Schlosberg v Schlosberg,* 163 AD2d 381; *Armando v Armando,* 114 AD2d 875, 876; *Schlachet v Schlachet,* 176 AD2d 198, 199).

By stipulation, "so ordered" by the Supreme Court prior to the trial, the former husband agreed, *inter alia,* to maintain all existing medical insurance for the benefit of the wife and the parties' child, to pay all necessary medical and dental expenses for both, not covered by the insurance, and to continue to maintain his existing life insurance policies naming the wife as trustee for the child as beneficiary of the policies. At the trial, the husband reaffirmed his wish to continue this coverage. However, the court made no mention of health or life insurance and made no provision for these in the decision or judgment. The husband now asserts that he "has no objection to providing life insurance and medical and dental insurance for [the child] and medical/dental coverage for Appellant for a reasonable amount of time". Furthermore, in determining the basic child support obligations of the husband, the trial court was obligated to "prorate each parent's share of future reasonable [health care] expenses of the child not covered by insurance in the same proportion as each parent's income is to the combined parental income" (Domestic Relations Law § 240 [1-b] [c] [5]). Accordingly, the judgment is modified to provide such coverage.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.