■ MICHELANGELO SQUICCIARINI, Appellant, v DOMENICA SQUICCIARINI, Respondent. [636 NYS2d 119] —In an action for divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Gurahian, J.H.O.), dated May 17, 1994, which, after a nonjury trial, inter alia, dismissed the plaintiff's cause of action for divorce, directed the plaintiff to pay the defendant $75 per week for maintenance, granted the defendant leave to enter a judgment for support arrears and necessaries, and directed the plaintiff to pay the defendant the sum of $2,500 as and for attorney's fees, and, pursuant to a finding that plaintiff was the owner of certain monies contained in two safe-deposit boxes held jointly by the plaintiff and Ellen Kannry, ordered payments of the above support arrears and necessaries from these funds.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and a new trial is ordered before a different Judicial Hearing Officer.

Under the circumstances of this case, the Supreme Court's determinations, awarding the defendant $75 per week in maintenance, $4,000 in support arrears, $10,000 in necessaries, and $2,500 in attorney's fees, as well as the court's finding that the plaintiff was the owner of the money contained in the two safe-deposit boxes, were not supported by the evidence. Furthermore, the hearing court improperly dismissed the plaintiff's cause of action for divorce based on physical abuse without allowing him to amend his pleadings to include these allegations (see, CPLR 3025 [c]), while sua sponte amending the defendant's

pleadings in order to grant her relief not sought in her pleadings.

The evidence was legally insufficient to support the above awards and findings of the court *(see generally, Shoenfeld v Shoenfeld,* 168 AD2d 674; *Oswald v Oswald,* 154 AD2d 817; Domestic Relations Law § 236 [B] [6] [b]; 57 NY Jur 2d, Evidence and Witnesses, § 136, at 337). Moreover, the trial court, having acquiesced to virtually all of the defendant's demands, obviated the need for the defendant to present further evidence to support her claims. Thus, under the circumstances of this case, both parties' evidentiary presentations were curtailed, and a new trial on the above issues is necessary. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.