■ SUSAN ZAREMBA, Respondent-Appellant, v JOSEPH ZAREMBA, Appellant-Respondent. [654 NYS2d 176] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered March 17, 1993, which, after a nonjury trial, *inter alia,* (1) directed him to pay the plaintiff wife maintenance in the amount of $2,000 per month for a period of nine years, (2) directed him to pay child support in the amount of $3,097 per month, and (3) awarded the wife a money judgment of $69,043 insofar as it included an award for necessaries. The plaintiff wife cross-appeals from so much of the same judgment as awarded her a money judgment in the amount of only $69,043. By decision and order dated December 11, 1995, this Court held the appeal in abeyance and remitted the matter to the Supreme Court, Nassau County, to set forth the factors considered and the reasons for its determination as to child support (*see, Zaremba v Zaremba,* 222 AD2d 500; Family Ct Act § 413; Domestic Relations Law § 240). The Supreme Court, Nassau County, has filed its report.

Ordered that the judgment is modified, on the law and the facts, by deleting from the eighth decretal paragraph thereof the sum of $69,043 and substituting therefor the sum of $52,750.21; as so modified, the judgment is affirmed insofar as

appealed and cross-appealed from, without costs or disbursements.

The Supreme Court erred when it included the sum of $33,983 as an award for necessaries in the $69,043 money judgment to the wife. It is well settled that an award reimbursing a spouse for necessaries must be established by competent proof (*see, Schneider v Schneider*, 156 AD2d 439). The wife offered a typewritten list, setting out, generally, the need and the disbursement. This was clearly insufficient to prove that the expenditures either constituted necessaries or, for that matter, were even bona fide (*see, Shoenfeld v Shoenfeld*, 168 AD2d 674; *cf., Erdheim v Erdheim*, 119 AD2d 623). Conversely, the wife's claim for support arrears in the sum of $17,690.21 should have been included in the judgment. While the claim for necessaries is a claim for support sums expended by a party before the issuance of the court's pendente lite order, the support arrears are the amount due the wife as a result of the husband's failure to pay the court ordered support. Therefore, although the $69,043 money judgment awarded to the wife should be reduced by the claimed amount for necessaries, it should be increased by the sum for arrears.

The trial court's determination that the husband's average income at the time of trial was $152,254 was supported by the record. Although the husband claimed that his annual income at the time of trial was $89,249.70, there was evidence that his income was much higher. Thus, the trial court was justified in imputing to the husband an income which was higher than he was willing to admit (*see, Relf v Relf*, 197 AD2d 611). Insofar as the husband failed to disclose information critical to the assessment of his finances, he is in no position to complain that the court erred in drawing inferences favorable to the wife (*see, Richter v Richter*, 131 AD2d 453). The court properly determined the amount of maintenance and child support based on its determination of the husband's income.

We reject the husband's contention that the Supreme Court erroneously applied the provisions of the Child Support Standards Act (Family Ct Act § 413; Domestic Relations Law § 240), when it calculated the amount of child support. The statute explicitly vests discretion in the court to apply the stated percentage (in this case 25%) to income over $80,000. Upon remittitur, the Supreme Court set forth the factors considered and the reasons for its determination to apply the child support formula to that portion of the parties' income that was in excess of $80,000. The Supreme Court found that the lifestyle established during the marriage, the assets acquired, including

the home in which the children reside, and the amounts expended on daily living, comported with the husband's six-figure income. The court further found that in spite of the divorce, the children remain entitled to share in the standard of living the parents are capable of providing. A child support award based on all of the parties' income affords the children an adequate amount of support and will allow them to remain in the home they have lived in since early childhood, to attend the same schools, and to engage in the same activities as before their parents divorced. We find that "no extraordinary circumstances were present, and application of the statutory [percentage] to the * * * income above $80,000 was therefore justified and not an abuse of discretion" (*Matter of Cassano v Cassano,* 85 NY2d 649, 655).

The husband's remaining contentions on appeal are without merit for the reasons stated by Justice Robbins in his memorandum decision dated December 21, 1992. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.