Matter of Martucci v Nerone (2024 NY Slip Op 02323)

Matter of Martucci v Nerone

2024 NY Slip Op 02323

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-07342
2022-07343
 (Index No. F-4838-15/22L)

[*1]In the Matter of Maria Martucci, respondent,
v
Biagio Nerone, appellant.

Francine Scotto, Staten Island, NY, for appellant.
Orrick, Herrington & Sutcliffe LLP, New York, NY (Rene A. Kathawala of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from two orders of the Family Court, Richmond County (Alison M. Hamanjian, J.), both dated August 30, 2022. The first order granted the mother's motion for an award of attorneys' fees to the extent of awarding the mother attorneys' fees in the principal sum of $6,667.60. The second order, upon the first order, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $6,667.60.
ORDERED that the orders are affirmed, without costs or disbursements.
This is a proceeding pursuant to Family Court Act article 4 in which this Court previously affirmed so much of an order of commitment as confirmed a determination, made after a hearing, that the father willfully violated a prior order of child support (see Matter of Martucci v Nerone, 223 AD3d 668). The father now appeals from an order that granted the mother's motion pursuant to Family Court Act § 438(b) for an award of attorneys' fees to the extent of awarding the mother attorneys' fees in the principal sum of $6,667.60 and from an order directing the entry of a money judgment in favor of the mother and against the father in the principal sum of $6,667.60.
"Factors to be considered in computing an appropriate award of an attorney's fee include the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fee under all of the circumstances" (Matter of Musarra v Musarra, 28 AD3d 668, 669; see Matter of Packman v Cywiak, 199 AD3d 811).
Contrary to the father's contention, the fact that the mother was represented by pro bono counsel did not affect her entitlement to reasonable attorneys' fees under Family Court Act § 438(b) (see id.; Brantly v Brantly, 89 AD3d 881, 883; Anderson v Anderson, 153 AD2d 823, 825; see also Matter of Bernadette R. v Anthony V.L., 205 AD3d 490, 491).
Furthermore, the amount of attorneys' fees awarded to the mother was reasonable under all of the circumstances, and the Family Court properly considered all of the relevant factors (see Matter of Grace v Russo, 171 AD3d 751).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court