### WILLES v. LOOMIS et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. CO-TENANTS—ADVERSE OCCUPATION OF PROPERTY—LIABILITY FOR RENT.
   A tenant in common who occupies the premises himself, receiving no rent, is not liable to his co-tenants for the value of the use of the property so occupied, unless there is an agreement to pay rent and actual ouster, or an act amounting to a total denial of the rights of the other co-tenants.

¶ 1. See Tenancy in Common, vol. 45, Cent. Dig. §§ 83–85.

2. PARTITION—ACCOUNTING.

In an action for partition, in which it appears that some of the parties had occupied portions of the premises adversely to the others, it was proper to have an accounting settling the respective interests of the parties.

3. SAME—ISSUES—SERVICE OF ANSWER.

Where a defendant in an action for partition alleged that certain co-defendants had occupied a portion of the premises, and that one of them had leased other portions, and collected and appropriated the rents, the issue so raised could not be determined, except by service of the answer upon the codefendants.

Appeal from Judgment on Report of Referee.

Action by Lucelia Willes against Stoel W. Loomis and others. From a judgment for plaintiff, defendants appeal. Reversed.

The action was commenced on the 19th day of September, 1900, for the partition of certain real property situate in the county of Jefferson, of which one Manley Loomis, who died intestate on the 9th day of January, 1896, was the owner and in possession of at the time of his death. He left, him surviving, the plaintiff, Lucelia Willes, a daughter; and the defendants, Rachael B. Loomis, his widow, Laura Loomis, a daughter, and Stoel Loomis and Jay Loomis, his sons; said parties being his only heirs at law and next of kin. The plaintiff alleged in her complaint that the four children of Manley Loomis, deceased, were each entitled to an undivided one-fourth part of the premises described in the complaint, subject to the dower rights of the widow of the deceased. She also alleges that upon the death of said Manley Loomis the defendant Stoel Loomis entered into possession of the said real property, and has ever since used the same in carrying on his business, to the total exclusion of the other parties to the action; that such use and occupation were reasonably worth $200 per year from the date of the death of said Manley Loomis. The plaintiff demanded judgment that the real property be partitioned, and an accounting be had as to the use and occupation of the said premises by the defendant Stoel Loomis, and the value thereof fixed by the court. The only defendant who answered was Stoel Loomis. He denied that he used or occupied the premises in question to the exclusion of his co-tenants or of the defendant Rachael B. Loomis, and alleged that his brother, Jay Loomis, and his mother, Rachael B. Loomis, occupied a portion of said premises either personally or through tenants from whom they received rents, and alleged that all of his co-tenants have had the privilege to occupy the premises in question in connection with his use thereof. The referee found that the plaintiff and the defendants, children of Manley Loomis, deceased, are entitled to an undivided one-fourth interest in the property described in the complaint, subject to the dower right of their mother, Rachael B. Loomis; that, upon the death of Manley Loomis, the defendant Stoel Loomis entered into possession of the premises, and has ever since occupied the same to the exclusion of his co-tenants; and that the value of such use and occupation was $200 a year, or $1,200 for the entire term of his occupation thereof. The referee found that the defendant Stoel Loomis had expended for taxes and necessary repairs upon the premises the sum of $197.32, for which he should be credited upon the rental value, leaving $1,002.68 for which the said Stoel Loomis should account. Of such balance, the referee found that the widow, Rachael B. Loomis, is entitled to $334.22; the plaintiff, Lucelia Willes, and the defendants Stoel Loomis, Jay Loomis, and Laura Loomis, are each entitled to $167.11. The referee also determined that a judgment recovered by Stoel Loomis against his mother, Rachael B. Loomis, for $436.58, is a lien upon the interest of Rachael B. Loomis in and to the premises sought to be partitioned; also that a judgment recovered by Stoel Loomis against the defendant Jay Loomis for $115.95 is a lien upon the interest and share of Jay Loomis. It was also found that the property in question is so situated that it cannot be sold in parcels without material injury to the interests of the parties. Judgment of partition and sale was ordered, and directing that the proceeds should be distributed in accordance with the findings of the referee above referred to. From such judgment this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Wilbur A. Porter, for appellants.

A. E. Kilby, for respondent.

McLENNAN, P. J.   The only question raised by the pleadings or upon the trial was as to the value of the rental of the premises described in the complaint, and the share of such rental, if any, which should be charged to the defendant Stoel Loomis, and what proportion, if any, should be charged to the defendants Rachael B. Loomis and Jay Loomis.   There were situated upon the premises three buildings and several sheds.   One building was used for a paintshop and showroom; another for a blacksmith and woodworking shops, underneath which was an oil cellar; and the third building was a dwelling house.   At the time of Manley Loomis' death the shops were occupied by the deceased and the defendant Stoel Loomis, who were co-partners engaged in carrying on the business of blacksmithing, painting, and woodworking.   The oil cellar was occupied by the defendant Jay Loomis, and the dwelling house by a tenant of the deceased.   After the death of Manley Loomis, the defendant Stoel Loomis continued to carry on the business of blacksmithing, painting, and woodworking, and for that purpose occupied the shops upon the premises until the time of the trial, with the exception of the oil cellar, which was occupied by Jay Loomis until the fall of 1898; and the evidence tends to show that from time to time Jay Loomis occupied some portion of the shops and sheds for storing his property.   The dwelling house was continuously occupied by the same tenant until the time of the trial, and the rent for it was collected either by Jay Loomis or Rachael Loomis; at least, the defendant Stoel Loomis received no part of the same.   There was no agreement on the part of Stoel Loomis to pay rent to his co-tenants, and no acts on his part were shown which would tend to prove an ouster until a considerable time after the death of Manley Loomis.   There was evidence given tending to show that Rachael B. Loomis collected rent for the dwelling house for a portion of the time after her husband's death, but the amount so collected is not found by the referee, and no charge is made against her for the same.

The referee found that upon the death of Manley Loomis the defendant Stoel Loomis entered into possession of the premises in question, and has occupied the same to the exclusion of his co-tenants. We think such finding is not supported by the evidence.   The evidence does tend to show that at a certain time after the death of Manley Loomis the defendant Stoel Loomis did deny the right of his co-tenants to occupy the shops, or any portion of the premises connected therewith.   But there is no evidence that he took such position until a considerable time after the death of his father.

The referee also finds that the fair rental of the real property described in the complaint is $200 per year, or $1,200 from the time of the death of Manley Loomis until the trial of the action; and the whole of said sum is charged against the defendant Stoel Loomis, when, without contradiction, it appears that he did not occupy the tenant

house, and did not receive any rent for the same. And as we have seen, no charge for rent of the tenant house is made against Rachael B. Loomis, although the evidence, as we have said, indicates that she received such rent during a considerable portion of the time.

We think the law applicable to this case is well settled. One tenant in common, who receives no money or property from the premises owned in common by himself and others, but who simply occupies them himself, is not liable to his co-tenants for the value of the use of the property so occupied. In order to charge such tenant with rental for the premises occupied, there must be an agreement to pay rent, an actual ouster, or an act amounting to a total denial of the rights of the other co-tenants. Wood v. Phillips, 43 N. Y. 152; Osborn v. Schenck, 83 N. Y. 201. In the case at bar the defendant Stoel W. Loomis should be charged only with the rental value of the property occupied by him from and after the date when he, if at all, commenced to occupy the same in hostility to his co-tenants. He should be charged only with rental for such part as he occupied, and not for the entire premises, as found by the referee. Equitably, the other co-tenants should be charged with the rental of any part of the premises which they occupied in like manner; and it was entirely proper that an accounting between the parties should be had in this action, settling their respective interests to the property in question. The defendant Stoel W. Loomis, in his answer, alleged that his codefendant Jay Loomis had occupied a portion of the premises, and that Rachael B. Loomis had leased certain other portions, and collected and appropriated to her own use the rents thereof. The issues thus raised by the answer could not be determined, except by its service by Stoel W. Loomis upon his codefendants. This was necessary in order that a full and complete determination of the rights of the parties might be had. While the judgment must be reversed for the reasons above indicated, we think it should be without costs to the appellant, because of his failure to serve a copy of his answer upon the other defendants.

Judgment reversed upon questions of law and of fact, and new trial ordered, without costs of this appeal to either party as against the other. All concur.