■ ELAINE SEEDS, Respondent, v DANIEL W. SEEDS, Appellant.—In a matrimonial action in which the defendant husband seeks an order, *inter alia*, (1) directing that the proceeds from the sale of the marital home be used to pay off certain listed joint debts; (2) directing that the plaintiff wife contrib-

ute rent for the period she solely occupied the marital home, and (3) modifying downward defendant's alimony payments, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered August 16, 1984, as, upon reargument, adhered to its original determination denying defendant's application in all respects.

Order affirmed insofar as appealed from, with costs.

Special Term correctly held that defendant was not entitled to any further credit for debts he agreed to reduce, pursuant to the parties' separation agreement, inasmuch as he failed to show that plaintiff was not diligent in pursuing the sale of the marital residence or that she acted in bad faith. Special Term also properly determined that defendant was not entitled to a credit for rental value of the marital premises, inasmuch as the separation agreement contained no provision requiring the payment of rent and inasmuch as the record fails to show that defendant was ousted from the former marital home (*see, Willes v Loomis,* 94 App Div 67; *cf. Stepakoff v Stepakoff,* 96 AD2d 1097).

Finally, defendant has failed to demonstrate that payment of the alimony obligation contained in the parties' separation agreement would cause him "extreme hardship" so as to justify a modification of that obligation (*see,* Domestic Relations Law § 236 [B] [9] [b]). Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.