■ BRIAN MALONEY, Appellant-Respondent, v RITA MALONEY, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Kuffner, J.), entered July 8, 1986, which, *inter alia,* (a) is in favor of the defendant wife and against him in the sum of $24,571.44, as arrears in pendente lite maintenance, child support, and counsel fees, (b) is in favor of the defendant wife and against him in the sum of $679,828, payable in installments over 10 years, representing an equitable share of the plaintiff's medical license, and (c) directed him to maintain a term life insurance policy on his life for the benefit of the defendant in an amount not less than the amount of the unpaid balance due to the defendant, and, (2) the defendant wife cross-appeals, as limited by her brief, from so much of the same judgment as denied her request for additional ancillary relief.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements

The determination that a professional license is marital property for purposes of equitable distribution has been conclusively determined by the Court of Appeals in the seminal case of *O'Brien v O'Brien* (66 NY2d 576). Consequently, we find that it was entirely proper for the trial court to make a distributive award to the defendant wife in this case for the plaintiff husband's medical license. Specifically, the record fully supports the determination of the trial court that the defendant was entitled to 35% of the value of the plaintiff's medical license. The award was made in such a fashion as to "fairly and adequately reflect a 'partnership' interest of the defendant in this marital asset while recognizing that the acquisition of such an asset is, in large measure, the result of a personal achievement of the plaintiff". Our review of the trial court's decision reveals that the 35% award was made

upon a proper weighing of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d). While it is true that in marriages of long duration where both spouses have contributed almost equally, if differently, to sustaining the marriage, a division of assets which is nearly equal is desirable (see, Miller v Miller, 128 AD2d 844), the 35% award in this case reflects the moderate duration of the marriage (16 years, although the parties separated after 11 years), as well as the significant contributions made by the defendant to the acquisition of the plaintiff's medical license. Additionally, the award reflects the fact that the defendant wife has been able to complete her education to the extent that she is gainfully employed in her chosen profession.

With respect to the method of valuation utilized by the trial court, the determination that 35% of the plaintiff's medical license had a present value of $456,632 was properly based on the credible evidence adduced at the trial, as well as additional posttrial affidavits submitted by the defendant's economic expert, and the appropriate reduction to present value (see, 1 NY PJI2d 382 [Supp]). Moreover, we are in agreement with the court's use of a compound interest rate of 8% to insure that the defendant will not be prejudiced by the fact that the distributive award was structured to meet the plaintiff's ability to pay (i.e., annual payments over a period of 10 years). The 8% figure was derived from the only evidence regarding interest before the court (i.e., the testimony of the defendant's expert witness), which evidence was deemed credible by the court, and, thus, is supported by the record.

Moreover, regarding the plaintiff's claim that the trial court erred in failing to consider the tax consequences of its distributive award, we note that the plaintiff failed to offer any testimony concerning tax liabilities, and, thus, the court was justified in formulating a distribution plan without consideration of tax laws (see, Brennan v Brennan, 124 AD2d 410; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:14 [1986 Supp Pamph]). In this regard, we would further note that we are not pursuaded by the excuses proffered by the plaintiff on appeal concerning his failure at trial to present any expert testimony whatever on the issue of valuation or tax consequences.

Furthermore, while it is true that the trial court retains discretion to distribute other marital assets to offset the distributive award of a professional license (see, O'Brien v O'Brien, supra), in this case, contrary to the plaintiff's claim,

the trial court properly recognized that there were no other significant marital assets aside from the medical license.

Next, we find that the trial court acted within the authority conferred upon it under Domestic Relations Law § 236 (B) (8) (a), in directing the plaintiff to purchase and maintain a term life insurance policy for the benefit of the defendant in the amount of the unpaid balance due on the distributive award *(see, O'Brien v O'Brien, supra; Bofford v Bofford,* 117 AD2d 643, *appeal dismissed* 68 NY2d 808).

Regarding the plaintiff's claim that the trial court improperly directed him to pay arrears in child support pursuant to a previous pendente lite award, it was not an abuse of discretion for the trial court to direct the payment of such arrears where the plaintiff neither applied for a downward modification nor made a showing of good cause for his failure to seek judicial relief prior to the accrual of the arrears *(see,* Domestic Relations Law § 244; *Rodgers v Rodgers,* 98 AD2d 386, *appeal dismissed* 62 NY2d 646; *Benjamin v Benjamin,* 70 AD2d 813).

With respect to the issues raised by the defendant on her cross appeal, we conclude that the trial court was entirely justified, under the facts and circumstances of this case, in its denial of the defendant's request for permanent maintenance and child support, as well as counsel fees. The trial court adequately set forth the factors it considered, pursuant to Domestic Relations Law § 236 (B) (6) and (7) in making its determination, and our review of the record reveals ample support for the court's determination. The defendant is relatively young, has completed her education, is employed at an annual salary of $17,500, and has been given a sizeable distributive award to supplement her income. Moreover, pursuant to a pretrial stipulation, the parties agreed to joint custody of the children in accordance with their previous customs and practices, which include joint physical custody, and the record indicates that the plaintiff has paid, and will continue to pay, virtually all of the children's expenses, including education, clothing, recreation and allowances. Thus, the defendant has been relieved of substantial obligations for the financial support of the parties' two children, and is not in need of reimbursement for the minimal financial support which she contributes for their shelter and food for the time they spend with her, which amounts to about one half the time they spend with their parents.

Regarding the court's denial of the defendant's request for counsel fees, we note that Domestic Relations Law § 237 (a)

provides that an award of counsel fees and expenses is "[with] in the court's discretion * * * having regard to the circumstances of the case and of the respective parties". The court will base its decision "primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances" (Sampson v Glazer, 109 AD2d 831, 832). At bar, in view of the fact that the defendant holds a teaching degree and is self-supporting, and in light of the sizeable distributive award which she will receive, we conclude that it was not an abuse of discretion for the trial court to deny counsel fees (see, Migdal v Migdal, 93 AD2d 857, appeal dismissed 59 NY2d 997, lv denied 60 NY2d 555; Kaplan v Kaplan, 77 AD2d 891, appeal dismissed 51 NY2d 822).

We have considered the remaining contentions of the parties and find them to be without merit. Brown, J. P., Rubin, Eiber and Spatt, JJ., concur.