■ CAMILLE BUGLIARI, Respondent, v RICHARD A. BUGLIARI, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 21, 1989, which, *inter alia,* provided for the distribution of marital property.

Ordered that the order is modified, on the law and the facts, by adding thereto a provision awarding the husband a portion of the plaintiff wife's pension; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court,

Westchester County, for a determination with respect to (a) the value of the wife's New York State Teachers' Retirement Association pension, (b) the percentage to be awarded to each party, and (c) the method of distribution of that pension.

The parties were married on June 14, 1969. At that time, the husband was a high school graduate and the wife was a college graduate. During their marriage, the husband went back to school and obtained his Associate's and Bachelor's degrees and eventually graduated from medical school. He is currently practicing medicine in Connecticut. Also, during the course of the marriage, the wife obtained her Master's degree and received permanent teaching certification.

During the marriage, the parties' earnings were pooled together and money from this common fund was used to pay tuition and living expenses. During the 11 years that the husband was in school, the wife's earnings comprised 68.4% of the total family income.

The Supreme Court was presented with conflicting evidence with respect to the value of the husband's medical license. We find no error in the determination that the valuation provided by the wife's expert was the more credible *(see, O'Brien v O'Brien,* 66 NY2d 576; *Rosenberg v Rosenberg,* 155 AD2d 428; *Maloney v Maloney,* 137 AD2d 666).

Nor did the Supreme Court improvidently exercise its discretion in distributing 40% of the value of the husband's medical license to the wife. In addition to her earnings from teaching, the wife contributed to the partnership as a parent and homemaker. She was forced to interrupt the development of her own career on several occasions in favor of the advancement of the husband's educational goals.

We note, however, that the Supreme Court was unable to properly consider the wife's New York State Teachers' Retirement Association pension. It is well settled that pension benefits, which accrue during the marriage, constitute marital property which must be equitably distributed upon divorce *(see, Majauskas v Majauskas,* 61 NY2d 481). However, since the record contains insufficient information on the pension issue, the matter is remitted to the Supreme Court, Westchester County, so that a determination may be made regarding the value of the wife's pension, the percentage to be awarded to each party and the method by which the pension should be distributed *(accord, Sassano v Sassano,* 143 AD2d 893).

In view of the husband's failure to meet his obligations under the pendente lite order, which added to the legal costs

incurred by the wife, and his persistent attempts to avoid New York jurisdiction by commencing and maintaining a concurrent divorce proceeding in Connecticut, the award to the wife of $6,000 of the $18,250 in New York counsel fees which she incurred was appropriate.

We have reviewed the husband's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.