■ DENNIS STAROPOLI, Appellant, v KATHLEEN M. STAROPOLI, Respondent. (Action No. 1.) KATHLEEN M. STAROPOLI, Respondent, v DENNIS STAROPOLI, Appellant. (Action No. 2.)— In related actions (1) for equitable distribution of marital property after a foreign judgment of divorce, and (2) for partition of the marital residence, Dennis Staropoli appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 12, 1989, which, after a hearing, *inter alia,* awarded Kathleen Marino Staropoli $13,675 for his use and occupancy of the former marital residence, and $4,675 for waste.

Ordered that the order is modified, on the law, by reducing the award to Kathleen Marino Staropoli for waste from $4,675 to $1,175; as so modified, the order is affirmed, with costs to Kathleen Marino Staropoli.

Dennis Staropoli argues on appeal, *inter alia,* that the court erred when it found that his failure to paint the exterior of the former marital residence during his use and occupancy thereof constituted waste. We agree.

Permitting property to remain in disrepair constitutes waste *(see,* 63 [rev vol] NY Jur, Waste § 2). However, Dennis Staropoli did not allow the premises to remain in disrepair when he failed to repaint its exterior. Periodic exterior painting is part of the inevitable maintenance of most homes. There was no showing that the failure to repaint caused damage to the structure, and thus, his failure to repaint the home is not,

under the circumstances presented here, the type of omission or neglect which constitutes waste. Accordingly, the award for waste should be reduced by $3,500, the amount which the court found was a fair and reasonable cost of painting the exterior of the premises.

We have examined Dennis Staropoli's remaining contentions and find that they are without merit. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.