■ DINA MORRONGIELLO, Respondent-Appellant, v BRUCE G. PAULSEN, Appellant-Respondent. [601 NYS2d 121] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals from stated portions of a judgment of the Supreme Court, Nassau County (Saladino, J.), entered October 19, 1990, which, after a nonjury trial, *inter alia,* (a) distributed to the plaintiff wife, as marital property, an equitable share of the defendant husband's license to practice law in the amount of $120,291.33, (b) ordered the defendant husband to pay the plaintiff the distributive award in equal installments over five years with interest, and (c) awarded the plaintiff wife certain

rings, and (2) the plaintiff wife cross-appeals from stated portions of the judgment, which, *inter alia,* (a) failed to grant her an award of maintenance, (b) limited her award of counsel fees to $5,000, and (c) failed to award her $2,587 for expert witness fees.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the provision thereof awarding the plaintiff wife an equitable share of the defendant husband's license to practice law in the amount of $120,291.33, and substituting therefor a provision awarding the plaintiff wife an equitable share of the defendant husband's license to practice law in the amount of $72,174.80, (2) awarding the defendant husband an additional credit of $1,575 against the amount awarded to the plaintiff wife for a total credit of $26,122, and (3) deleting the provision thereof directing him to pay the distributive award of $95,744.33 to the plaintiff in equal installments over five years, and substituting therefor a provision directing him to pay the distributive award of $46,052.80 over a period of 10 years with interest; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The parties were married on August 6, 1983. At that time the husband was a college graduate and had completed his first year of law school. The wife had attended college for four years from 1974 through 1978, but did not receive her degree, as she still had to complete six credits and present her thesis in order to earn her degree. For the four years prior to the marriage, the wife was employed in Boston. However, in May 1983 when the parties set their wedding date, the wife was unemployed. After the parties were married, the wife relocated to New Orleans where her husband was attending law school. The wife was unable to find a full-time position in her field until January 1984, and during the fall and winter of 1983 did free-lance work and held a part-time position at a department store. In May 1985 the husband graduated from law school and the parties moved to New York, where the husband had been offered a position and where there were greater job opportunities for the wife. The husband studied for and took the New York State Bar Examination during the summer of 1985. As the result of the loss of his answers to the multistate portion of the examination, the husband was forced to retake that portion of the examination in September 1985.

In April 1986 the husband was admitted to the New York State Bar. Also, during the marriage the wife received her Bachelor of Arts degree. The wife commenced the instant action for divorce on September 6, 1988.

The Supreme Court was presented with conflicting evidence with respect to the value of the husband's license to practice law. Contrary to the husband's contention, both experts utilized the proper methodology in valuing the license. "[W]here * * * the husband's highest educational attainment before marriage was a college degree and he acquired a [law] license during the marriage and shortly before the divorce, the value of the license as an asset is measured by (1) calculating the difference between the average total lifetime income that a college graduate could expect and the average total lifetime income that [an attorney] could expect, and (2) reducing that amount to a present value" (McGowan v McGowan, 142 AD2d 355, 359, n; see also, O'Brien v O'Brien, 66 NY2d 576). Further, we find no error in the determination that the valuation provided by the wife's expert was the more credible (see, O'Brien v O'Brien, supra; Bugliari v Bugliari, 169 AD2d 697, 698).

However, the Supreme Court improvidently exercised its discretion in distributing 50% of the two-third portion of the husband's license which the court determined was marital property to the wife. Although the wife forfeited her career network in the Boston area by relocating to New Orleans, the interruption to the wife's career was not significant. The wife was unemployed when the parties set their wedding date and she was able to find a full-time position in her field within months of moving to New Orleans. Moreover, the parties' move to New York enhanced the wife's opportunities for career advancement. Additionally, the wife provided only minimal assistance to the husband in his studies. However, the wife did provide over half of the parties' joint income while the husband attended law school and prepared for the bar examination. Thus, in view of the foregoing, a distributive award of 30%, rather than 50%, of that portion of the value of the husband's license which the Supreme Court determined is marital property is appropriate (cf., O'Brien v O'Brien, 66 NY2d 576, supra; Duspiva v Duspiva, 181 AD2d 810; Bugliari v Bugliari, 169 AD2d 697, supra; Holihan v Holihan, 159 AD2d 685; Maloney v Maloney, 137 AD2d 666). Therefore, the wife's equitable award of the husband's license is reduced from $120,291.33 to $72,174.80.

The Supreme Court also erred in failing to credit the

husband for half of the value of the rings which were marital property and awarded to the wife. Although it is not improper to allot marital assets to one of the spouses individually, under the circumstances of this case, the value thereof should have been accounted for by an appropriate adjustment to the distributive award *(see, De La Torre v De La Torre,* 183 AD2d 744, 746). We therefore further reduce the distributive award by $1,575, representing one-half the value of the rings.

Therefore, the wife's distributive award is reduced from $95,744.33 to $46,052.80 ($72,174.80 less $24,547.00 credit pursuant to stipulation and less a $1,575 credit for rings). Further, we have concluded that the husband should pay the distributive award over a period of 10 years, since he does not possess any liquid assets and is encumbered with loans, and the wife has the ability to be self-supporting.

However, the Supreme Court did not improvidently exercise its discretion in denying the wife's application for an award of maintenance. The wife has demonstrated through her work history that she is capable of supporting herself, and although the husband earns a comfortable salary, he is encumbered with loans and the payment of the distributive award.

Finally, in view of the fact that the wife is self-supporting, and in light of the distributive award which she will receive, we conclude that the Supreme Court did not improvidently exercise its discretion by limiting her award of attorneys' fees and other expenses of litigation to $5,000 *(cf., Maloney v Maloney, supra,* at 668-669). Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.