■ Iouri Vainchenker, Appellant, v Natalia Vainchenker, Respondent. [662 NYS2d 545] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), entered May 17, 1996, as, after a nonjury trial, *inter alia,* (1) upon a determination that his medical license acquired in the United States was a marital asset subject to equitable distribution, awarded the defendant wife a distributive share thereof, (2) awarded the defendant wife maintenance in the sum of $7,800 per year for three years, and (3) directed him to contribute to higher education expenses of the parties' eldest child in an amount pro-rated to the parties' income.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting from subparagraph (b) of the fourth decretal paragraph thereof the sum of $10,528.76, as the additional combined child support obligation based upon the combined parental income above $80,000 and substituting therefor the sum of $12,791, (2) deleting from subparagraph (c) of the fourth decretal paragraph thereof the sum of $33,728.76, as the basic child support obligation and substituting therefor the sum of $35,991, (3) deleting from the fifth decretal paragraph thereof the remainder of the paragraph following the words "designate in writing" and substituting therefor the words "the sum of FIVE HUNDRED FIFTY-FOUR [$554] dollars per week for the support of the children", and (4) adding to the tenth decretal paragraph thereof a provision directing the plaintiff to pay to the defendant the sum of $554 per week as and for child support of their three unemancipated children, except that during the period when the husband is paying child support for three children and the eldest child is living away from home while attending college, one-third of his child support obligation shall be credited toward his contribution to the costs of that child's education; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1975 in their native Russia. At that time the plaintiff husband was a practicing physician and the defendant wife was a registered nurse. Upon the parties' immigration to the United States in the early 1980s, the husband embarked on a four-year course of study and training so as to obtain a license to practice medicine in New York State. During that time the husband was the main support of the

wife and their three children, working for two years as an orderly, and two years as an intern. The wife, while intermittently working at menial jobs during the same period, retained the primary function of child rearing. In 1985 the husband became employed as a first-year resident, and he obtained his license to practice medicine in 1985. The husband has since been employed as a pediatric emergency room physician. The parties separated in 1988, after which the wife secured employment as a medical office worker. This action was commenced in 1991.

Although the husband was a practicing physician in Russia prior to the parties' marriage, his earning capacity in the United States was enhanced due to the medical training he received in this country during the marriage. The Supreme Court therefore properly determined that the husband's New York medical license was a marital asset subject to equitable distribution (*see generally, McSparron v McSparron,* 87 NY2d 275; *O'Brien v O'Brien,* 66 NY2d 576; *Shoenfeld v Shoenfeld,* 168 AD2d 674). The wife, as the nontitled spouse, had the burden of proving the asset's value so as to afford the court a sufficient basis upon which to make a distributive award (*see, Iwahara v Iwahara,* 226 AD2d 346).

The trial court was provided with conflicting expert testimony with respect to the husband's enhanced earning capacity due to his New York medical license. The wife's expert determined the present value of the husband's enhanced earning capacity and concluded that 40 percent of that sum constituted marital property, based on the number of years of training that had occurred in the United States. The Supreme Court credited the opinion of the wife's expert, and we find no error in this regard (*see, O'Brien v O'Brien, supra,* at 588; *Morrongiello v Paulsen,* 195 AD2d 594; *Bugliari v Bugliari,* 169 AD2d 697). Nor do we disagree with the court's award of 50 percent of this marital asset to the wife, since she cared for the parties' children, provided some economic support, and to some extent sacrificed her nursing career while the husband pursued his medical license (*see, O'Brien v O'Brien, supra; Bugliari v Bugliari, supra).*

In light of the parties' relative financial circumstances, the financial obligations placed on the husband by the judgment, the equitable distribution award to the wife, and the fact that the wife is relatively self-supporting, we conclude that it was an improvident exercise of discretion to award maintenance to the wife (*see,* Domestic Relations Law § 236 [B] [6]), and we have modified the judgment accordingly. Since the court

deducted maintenance payments from the husband's income in calculating child support, we have recalculated his child support obligation, which results in an increase from $510 to $554 per week.

We disagree with the husband's contention that it was error to order him to pay a pro rata share of the eldest child's college expenses (see, Domestic Relations Law § 240 [1-b] [c] [7]; Matter of McLoughlin v McLoughlin, 213 AD2d 650; Manno v Manno, 196 AD2d 488). However, the court erred in directing the husband both to pay child support and contribute to those college expenses without including a provision reducing the level of child support or crediting him for any amounts he contributes towards college expenses when the child lives away from home while attending college (see, Justino v Justino, 238 AD2d 549; Reinisch v Reinisch, 226 AD2d 615). The judgment has been modified accordingly. We note that no provision was made in the judgment for college education for the two younger children, in view of their ages.

We have considered the husband's remaining contentions and find them to be without merit (see, Shoenfeld v Shoenfeld, supra; Applebaum v Applebaum, 142 AD2d 300, 303). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.