■ GEORGIA PETALLIDES, Appellant-Respondent, v CHRISTOS PETALLIDES, Respondent-Appellant. [703 NYS2d 239] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), dated August 21, 1998, as awarded her equitable distribution in the amount of only $37,450, on the ground, *inter alia*, that the court failed to award her an equitable share of the rents and profits derived from certain properties, and the defendant cross-appeals, as limited by his brief, from stated portions of the same judgment which, *inter alia*, in calculating the award, failed to credit him with a $7,000 deduction from the proceeds of the sale of certain property.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting therefrom the provision awarding the plaintiff the sum of $37,450 and substituting therefor a provision awarding the plaintiff the sum of $151,700; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On this appeal, the plaintiff and the defendant both challenge certain aspects of the equitable distribution award. Contrary to the plaintiff's contention, the Supreme Court properly declined to credit the defendant with rental income for the second floor apartment and basement of the two-family house in Flushing, New York, or an amount equal to the diminished market value of the single family home in San Remo, New York (*see, LaBarre v LaBarre,* 251 AD2d 1008; *Kaye v Kaye,* 192 AD2d 365; *Staropoli v Staropoli,* 180 AD2d 727; *Matter of Bassford's Will,* 91 NYS2d 105, 110, *affd* 277 App Div 1128). Contrary to the defendant's contention, a fair interpretation of the evidence supports the Supreme Court's determinations that he was not entitled to a $7,000 deduction from the proceeds of the sale of the property referred to by the parties

as the Kirsi property, in Cyprus, and that the apartment in Nicosia, Cyprus, was the separate property of the plaintiff (*see, Kallins v Kallins,* 170 AD2d 436).

However, the Supreme Court erred in assigning a value to the defendant's use and occupancy of the marital premises, the first floor apartment of the Flushing house, for purposes of equitable distribution, in the absence of any proof of ouster or of that property's fair market rental value (*see, Seeds v Seeds,* 112 AD2d 155). Also, the court should have credited the defendant with the net rental income that he received from the San Remo house (*see, Turner v Turner,* 202 AD2d 998; *Dugue v Dugue,* 172 AD2d 974, 976). That is, $1,050 per month or $12,600 per year minus real estate taxes of $5,000 per year, or $7,600 per year, totaling $83,600 over an 11 year period.

The value of the marital property retained by the plaintiff totaled $160,000, consisting of a condominium in Limassol, Cyprus, valued at $50,000 and real property in Paphos, Cyprus, valued at $110,000. The value of the marital property retained by the defendant was $463,400, consisting of the Flushing and San Remo houses valued at $314,000, the net proceeds from the sale of the Kirsi property in the amount of $65,800, and the rental income from the San Remo property in the amount of $83,600. Accordingly, the plaintiff is entitled to a judgment of $151,700, representing one-half of the difference between the values of the marital property credited to each party. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.