■ ROSEMARY FERINA, Respondent, v ANTHONY FERINA, Appellant. [729 NYS2d 533] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Willen, J.H.O.), entered May 11, 2000, which, *inter alia,* failed to equitably distribute the value of the plaintiff wife's jewelry, directed him to pay the plaintiff wife $25,000 from his North Fork Bank account, ordered him to distribute to the plaintiff wife half of the cash surrender value of the parties' insurance policies, directed him to pay the plaintiff wife $16,000 in maintenance and child support arrears, charged him with $6,000 of the plaintiff wife's $21,000 counsel fees, and awarded maintenance and child support.

Ordered that the judgment is modified by (1) deleting from the third decretal paragraph the provision directing the defendant to pay the plaintiff $25,000 from his North Fork Bank ac-

count, and substituting therefor a provision directing that he pay the plaintiff $7,776 from that account, (2) deleting from the fifth decretal paragraph the provision directing that the defendant pay the plaintiff $16,000 in maintenance and child support arrears, and substituting therefor a provision directing the defendant to reimburse the plaintiff for that portion of the plaintiff's $16,000 credit card debt which was attributable to child support between May 14, 1999, and November 19, 1999, (3) deleting the seventh decretal paragraph, which awarded child support to the plaintiff, (4) deleting the eighth decretal paragraph, which awarded maintenance to the plaintiff, and (5) adding thereto a decretal paragraph crediting the defendant with $10,000, representing 50% of the value of the plaintiff's jewelry; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith, and for entry of an appropriate amended judgment; and it is further,

Ordered that pending the hearing and new determination of the issue of the amount of the defendant's child support obligation, the defendant shall pay the plaintiff $251.37 per week for both children.

The plaintiff and the defendant were married in 1978 and have two children, born in 1985 and 1989, respectively. In 1980 the parties opened a bar, which became very successful. With the profits from the bar, the parties moved into an expensive home in Melville, purchased three rental properties in Queens, and bought $20,000 in fine jewelry for the plaintiff. Their revenues were subsequently increased by rents from the Queens properties, as well as by income from a coin-operated game machine that they owned. In 1989, the plaintiff stopped working in the bar in order to become a full-time homemaker.

In 1993 the bar went out of business, and the defendant thereafter worked as a steak house manager or waiter. The plaintiff commenced this action in February 1998. In March 1998 the defendant injured his back in an automobile accident and lost his job. Approximately two months later he suffered an attack of Bell's Palsy.

The defendant remained unemployed for approximately 18 months, taking a job only on the eve of trial as a school aide with the New York City Board of Education at a weekly salary of $285. The plaintiff works as a part-time veterinarian's assistant, earning approximately $130 a week.

In March 1999 the parties sold the marital home and each received $170,000. The plaintiff used her share to purchase an-

other home. It is undisputed that the defendant has paid nothing for the support of the plaintiff and the children since February 1999, when he moved in with his parents. In 1998 and 1999 the plaintiff applied to the court for awards of temporary support and maintenance, but both her applications were denied. In the judgment appealed from, the court awarded the plaintiff, *inter alia*, $125 per week in maintenance for five years and $316 per week in child support.

The record indicates that in January 1998 the defendant borrowed $50,000 from the family's insurance policies, and placed that money in a joint account with his mother. The defendant did not disclose this account on his net worth statement. Nevertheless, at trial he demonstrated that the bulk of this account had been used to defray marital living expenses. He had spent $7,920 of it on himself or on unspecified purposes. At the time of trial the account had a balance of $7,632. The plaintiff should therefore receive 50% of the total of $7,920 and $7,632 ($15,552), or $7,776, from this account.

The plaintiff is not entitled to maintenance (*see,* Domestic Relations Law § 236 [B] [6] [a] [1]). Her distributive award is substantial and she is employed and has additional rental income. In addition, she will be receiving child support (*see, Vainchenker v Vainchenker,* 242 AD2d 620; *Matter of Mircea v Mircea,* 224 AD2d 697).

The plaintiff argued at trial that $16,000 of her $21,000 credit card debt was attributable to child support and maintenance arrears. However, as noted, we have concluded that the plaintiff should not receive maintenance. Under the circumstances of this case, the matter is remitted to the Supreme Court, Suffolk County, for a determination of what portion of the plaintiff's $16,000 credit card debt is attributable to expenses incurred on behalf of the parties' children between May 14, 1999, and November 18, 1999. The defendant should reimburse the plaintiff for the entire amount which she proves she spent on behalf of the parties' children, as the plaintiff demonstrated at trial that she was required to pay out approximately $16,000 from her share of the proceeds from the sale of the marital home on domestic expenses during 1999.

It is well established that interspousal gifts made during the marriage constitute marital property subject to equitable distribution (*see, Brugge v Brugge,* 245 AD2d 1113; *Chase v Chase,* 208 AD2d 883). Since the plaintiff testified that the value of the jewelry that she had received from the defendant was $20,000, her distributive award should be reduced by half that amount, or $10,000 (*see, e.g., Morrongiello v Paulsen,* 195 AD2d

594; *De La Torre v De La Torre,* 183 AD2d 744). In light of all of the foregoing changes, the matter must be remitted to the Supreme Court, Suffolk County, for recomputation of child support.

The Supreme Court providently exercised its discretion in awarding limited counsel fees to the plaintiff, in view of the fact that the defendant tried to conceal assets (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Mastrandrea v Mastrandrea,* 268 AD2d 293; *Morrissey v Morrissey,* 259 AD2d 472; *Walker v Walker,* 255 AD2d 375).

The defendant's remaining contentions are without merit. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.