■ MICHAEL LUCERE, Respondent-Appellant, v MARY LUCERE, Appellant-Respondent. [971 NYS2d 155]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Brown, J.), entered July 12, 2012, as, upon findings of fact and conclusions of law entered July 12, 2012, and a decision dated August 31, 2011, made after a nonjury trial, awarded the plaintiff maintenance, awarded her only a 25% prospective share of the marital portion of the plaintiff's pension rather than a 50% retroactive share thereof, awarded the plaintiff a separate property credit in the sum of $162,000 for a certain personal injury settlement, failed to award her a separate property credit for $10,000 deposited into her Ameriprise individual retirement account, and, in effect, failed to award her a share of certain rental income from the parties' jointly held properties, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as failed to award him a separate property credit in the sum of $40,000 with respect to the purchase of certain real property located in Arizona, failed to direct that the defendant was to receive her share of the marital portion of his pension only during her lifetime and that her share was to revert to him if she predeceased him, failed to provide that his obligation to maintain life insurance with coverage in the sum of at least $60,000 as security for his obligations to the parties' children was to terminate upon the emancipation of the parties' youngest child, and failed to award him an attorney's fee.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof awarding maintenance to the plaintiff, (2) adding thereto a provision awarding the defendant a credit in the sum of $10,000, representing her separate property in her Ameriprise individual retirement account, (3) adding thereto a provision awarding the defendant 50% of the net rental proceeds collected by the plaintiff from the parties' jointly owned condominiums located in Arizona and Florida, and (4) adding thereto a provision directing that the plaintiff's obligation to maintain a life insurance policy with coverage in the sum of at least $60,000 as security for his obligations to the parties' children shall terminate upon the emancipation of the parties' youngest child; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts" (*Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]; *see Mora v Mora*, 39 AD3d 829, 830

[2007]; *Buchsbaum v Buchsbaum*, 292 AD2d 553, 553-554 [2002]; *Ferraro v Ferraro*, 257 AD2d 596, 597 [1999]). "The court may order maintenance in such amount as justice requires, considering, *inter alia,* the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]; *Walker v Walker*, 255 AD2d 375 [1998]). Additionally, "the court must consider the payor spouse's reasonable needs and the reasonable needs of the recipient spouse" (*Griggs v Griggs*, 44 AD3d 710, 712 [2007]).

We agree with the defendant that the Supreme Court's award of maintenance to the plaintiff was an improvident exercise of its discretion since the award was made in the absence of any evidence of the parties' standard of living during the marriage, and in the absence of evidence that the plaintiff, who is otherwise self-supporting, needs maintenance to sustain his pre-divorce standard of living. Additionally, the defendant's reasonable needs preclude an award of maintenance to the plaintiff. Under these circumstances, the plaintiff should not have been awarded maintenance (*see Ferina v Ferina*, 286 AD2d 472, 474 [2001]; *Mica v Mica*, 275 AD2d 765, 766 [2000]; *Vainchenker v Vainchenker*, 242 AD2d 620, 621-622 [1997]).

Contrary to her contention, the defendant stipulated that certain funds totaling $162,000, that were held by the plaintiff at the commencement of this action and originated from a settlement of a personal injury claim made by the plaintiff, were the plaintiff's separate property. Accordingly, the defendant waived any claim for equitable distribution she may have had to those funds (*see Label v Label*, 70 AD3d 898, 899-900 [2010]).

At trial, the defendant, who is an attorney, established that, following the commencement of this action, she received two $5,000 retainer fees, which she then deposited into an Ameriprise individual retirement account in her own name. Contrary to the Supreme Court's determination, the defendant was able to trace these funds with particularity, and thus rebutted the presumption that the subject funds were marital property, as opposed to her own separate property (*see Masella v Masella*, 67 AD3d 749, 750 [2009]; *cf. Bailey v Bailey*, 48 AD3d 1123 [2008]). Accordingly, the defendant should have been awarded a separate property credit in the sum of $10,000.

The Supreme Court also erred in failing to award the defendant a 50% share of the net rental proceeds that the plaintiff collects from condominiums owned jointly by the parties in Arizona and Florida (*see Johnson v Johnson*, 99 AD3d 765, 766 [2012]; *Petallides v Petallides*, 269 AD2d 511, 512 [2000]).

We agree with the plaintiff that the Supreme Court should have directed that his obligation to provide life insurance to secure his obligations to the parties' children shall terminate upon the emancipation of the parties' youngest child (*see Sotnik v Zavilyansky*, 101 AD3d 1102, 1104 [2012]; *Levitt v Levitt*, 97 AD3d 543, 545 [2012]).

The parties' remaining contentions are without merit. Eng, P.J., Rivera, Hall and Lott, JJ., concur.