■ Neil Irwin Brody, Respondent, v Lauren Justine Brody, Appellant. [27 NYS3d 186]—

Appeal from a judgment of divorce of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered June 10, 2014. The judgment of divorce, insofar as appealed from, awarded the defendant the sum of only $13,000 per month for a period of 24 months as spousal maintenance commencing on May 1, 2014, and failed to award the defendant reimbursement for certain medical insurance premiums and medical expenses.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties in this action for a divorce and ancillary relief were formerly married. They divorced from each other in 1995. They subsequently reconciled and had two children. In January 2001, the parties remarried and had one more child. Approximately 6½ years after the parties remarried, the plaintiff commenced this action. As relevant to this appeal, the court, after a trial, awarded the defendant the sum of $13,000 per month in spousal maintenance for a period of 24 months. The court declined to award the defendant reimbursement for medical insurance premiums and unreimbursed medical expenses that she paid during the pendency of the litigation. On this appeal, the defendant challenges various aspects of the spousal maintenance award, including its commencement date and amount, and challenges the failure to reimburse her medical insurance premiums and unreimbursed medical expenses.

The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances (*see generally Samimi v Samimi*, 134 AD3d 1010 [2015]; *Gonzalez v Garcia*, 134 AD3d 989 [2015]). Here, the record established that the parties had been married for approximately 6½ years when the plaintiff commenced this action. It also established that the defendant was 48 years old at the time of the divorce, that she will not be the primary caretaker for the children, and she can pursue full-time employment. The record further established that the defendant had been awarded $8,000 in monthly child support payments. The Supreme Court found, however, that the defendant had not utilized the child support award primarily for the benefit of the children. The court additionally found that the defendant had not, over the course of this very lengthy litigation, taken any steps to prepare herself for a career despite having had the ability and opportunity to do so. These findings, based largely on the court's assessment of witness credibility, are supported by the record (*see Kerley v Kerley*, 131 AD3d 1124, 1125 [2015]). Contrary to the defendant's contention, the record does not establish that a higher award was needed in order for her to maintain the lifestyle the parties enjoyed during the marriage. The evidence established that the plaintiff earned a substantial income from his medical practice, but not that the parties' lifestyle was so lavish that the award of $13,000 per month was inadequate to meet her needs. Accordingly, the court's spousal maintenance award in that amount was not an improvident exercise of discretion (*cf. Lucere v Lucere*, 109 AD3d 796, 798 [2013]; *Newton v Newton*, 246 AD2d 765 [1998]). Additionally, after considering the evidence in light of the

relevant statutory factors (*see* Domestic Relations Law § 236 [B] [6]), the court did not improvidently exercise its discretion in providing that the spousal maintenance would be for a period of only 24 months (*cf. Granade-Bastuck v Bastuck*, 249 AD2d 444, 445-446 [1998]).

Finally, the Supreme Court did not improvidently exercise its discretion in providing that the award of spousal maintenance would be prospective only, and that the plaintiff would not be required to reimburse the defendant for the cost of medical insurance premiums and unreimbursed medical expenses that she paid. These determinations were supported by, among other things, the court's findings that: the defendant utilized a significant portion of the $8,000 per month child support payments to cover her own personal expenses; the defendant had the ability to become self-supporting during the litigation, but "made other choices"; and the plaintiff adequately provided for the needs of the defendant and the parties' children during the entire pendency of this litigation (*see Grumet v Grumet*, 37 AD3d 534, 536 [2007]; *Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]). Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.